879 P.2d 1135

**DEVIL CREEK RANCH, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**CEDAR MESA RESERVOIR & CANAL COMPANY, an Idaho corporation, Defendant–Respondent.**

No. 20816.

Supreme Court of Idaho,
Boise, March 1994 Term.

Aug. 25, 1994.

Rosholt, Robertson & Tucker, Twin Falls, for appellant. Justin R. Seamons, argued.

Coleman, Ritchie & Robertson, Twin Falls, for respondent. John S. Ritchie, argued.

BISTLINE, Justice.

## BACKGROUND AND PRIOR PROCEEDINGS

This is the second appeal to this Court arising out of a disputed claim to water rights in Deadwood Creek. In *Devil Creek Ranch, Inc. v. Cedar Mesa Reservoir & Canal Co.*, 123 Idaho 634, 851 P.2d 348 (1993) (*Devil Creek Ranch I*), this Court vacated the summary judgment granted in favor of Cedar Mesa and remanded the cause for further proceedings. The parties now dispute which issues remain in the case and the proper forum for their resolution.

Although most of the facts relevant to the present dispute are set forth in *Devil Creek Ranch I*, several additional facts are important to this appeal. On August 11, 1915, an Owyhee County district court awarded Devil Creek Ranch's predecessor, Jerome Helsey (Helsey), the right to use three cubic feet of water per second (3 c.f.s.) from Deadwood Creek. The 1915 decree specified that Helsey's right had a priority date of April 19, 1886, that it was the first right upon Deadwood Creek, and that the 3 c.f.s. were to be used for irrigation and domestic purposes "during each irrigation season." The decree did not define the precise dates of the irrigation season. In this appeal, Devil Creek Ranch asserts that the irrigation season on Deadwood Creek traditionally has lasted throughout the entire year, and that Devil Creek Ranch is consequently entitled to use the 3 c.f.s. whenever it can put the water to beneficial use.

In 1925, the Owyhee County district court was authorized, per a stipulation signed by the parties in a separate water rights adjudication, to decree the water rights to the Bruneau River and its tributaries, including Deadwood Creek. The district court subsequently decreed that Idaho Farm Development Company, Cedar Mesa's immediate predecessor, (Idaho Farm Co.) was entitled to impound all the waters of Deadwood Creek "during [the] non-irrigation season," which it deemed to last from October 1 to May 15. Karl Patrick, Helsey's successor and Devil Creek Ranch's immediate predecessor (Patrick), did not sign the stipulation, but nonetheless was included as a party to the 1925 decree. The 1925 decree did not clarify whether Patrick's right to use 3 c.f.s. applied throughout the year or only during a particular irrigation season, but it stated that Idaho Farm Co.'s right to store water during the non-irrigation season "does not interfere with the rights of any of the parties hereto as hereby decreed."

The parties agree that between 1925 and 1991, Cedar Mesa impounded the waters of Deadwood Creek from October 1 to May 15. One or two exceptions occurred during the 1960's, when Cedar Mesa released impounded water before May 15.

Devil Creek Ranch filed a complaint in Owyhee County district court on June 18,

1991, seeking a declaratory judgment that the district court in 1925 had lacked personal jurisdiction over Patrick, that the 1925 decree was void and unenforceable with respect to Devil Creek Ranch, and that Devil Creek Ranch was entitled to use its decreed water right from Deadwood Creek at any time that it could put the water to beneficial use. Cedar Mesa answered, asserting the affirmative defenses of collateral estoppel and estoppel, and filed a motion to dismiss based on lack of subject matter jurisdiction. The district court took the matter of jurisdiction under advisement, directed Devil Creek Ranch to file a motion for summary judgment, and further directed the parties to brief the issue of estoppel by laches. Devil Creek Ranch filed the summary judgment motion on August 10, 1991. The district court denied Devil Creek Ranch's motion, granted summary judgment in favor of Cedar Mesa on its laches defense, and awarded $129 in costs to Cedar Mesa.

After Devil Creek Ranch appealed the summary judgment for Cedar Mesa, this Court vacated the judgment and remanded the cause for further proceedings. This Court noted that the defense of laches ordinarily presents issues of fact and that Cedar Mesa had failed to present enough factual evidence to support a finding that it was prejudiced by Devil Creek Ranch's delay in asserting its water rights. *Devil Creek Ranch I*, 123 Idaho at 636–37, 851 P.2d at 350–51. This Court further held that Devil Creek Ranch's action was not barred by res judicata. *Id.*, 123 Idaho at 637, 851 P.2d at 351. Devil Creek Ranch was awarded costs on appeal. The order of remittitur was issued on May 19, 1993.

Devil Creek Ranch, surmising that its motion for summary judgment should now be granted, submitted a proposed order and judgment, a memorandum of costs which listed costs incurred and requested repayment of the $129, and a motion to reconsider the denial of the motion for summary judgment

filed in 1991. The district court (1) declined to enter the proposed order and judgment because *Devil Creek Ranch I* did not direct entry of judgment in favor of Devil Creek Ranch; (2) held that Devil Creek Ranch was not entitled to costs other than costs on appeal; and (3) denied Devil Creek Ranch's motion to reconsider. On August 23, 1993, the district court issued a declaratory judgment establishing that Devil Creek Ranch is not bound by the 1925 decree. The district court then ruled that the remaining issues in the case, namely whether Devil Creek Ranch is entitled to use 3 c.f.s. of water from Deadwood Creek whenever it can put the water to beneficial use, and whether this right is affected by the affirmative defenses of collateral estoppel or laches, are within the exclusive jurisdiction of the Snake River Basin Adjudication (SRBA).[1]

Neither party appeals the declaratory judgment. Devil Creek Ranch appeals the denial of its motions and request for repayment and the dismissal of the action. The gist of Devil Creek Ranch's appeal is that the disposition of *Devil Creek Ranch I* represented a full vindication of Devil Creek Ranch's claimed water rights to Deadwood Creek such that no issues remain unresolved. Alternatively, Devil Creek Ranch argues that if any issues remain, they can be resolved by the district court.

For the reasons set forth below, we hold that the district court correctly found that unresolved issues remain in this case, and that these issues are properly resolved in the SRBA. We reverse the district court's denial of Devil Creek Ranch's request for repayment of costs.

## ANALYSIS

I. The District Court Correctly Refused to Enter Devil Creek Ranch's Proposed Order and Judgment and Correctly Denied Devil Creek Ranch's Motion to Reconsider.

Devil Creek Ranch filed a proposed order and judgment in the district court approxi-

---

1. The SRBA district court arose from legislation enacted in 1986 by the Idaho legislature. I.C. §§ 42–1401 through 42–1423 (amended 1994). The SRBA district court is located in Twin Falls County, Idaho, and presides over the general adjudication of the waters deemed by the statute to be part of the Snake River Basin. Act of April 12, 1994, ch. 454, H.B. 969 (to be codified at I.C. § 42–1406A). Deadwood Creek is a tributary of the east fork of the Bruneau River, which is a tributary of the Bruneau River, which, in turn, is a tributary of the Snake River.

mately one month after this Court issued its opinion in *Devil Creek Ranch I*. The proposed order and judgment would have conclusively established Devil Creek Ranch's water rights as set forth in the 1915 decree.

■ Devil Creek Ranch argues that the district court should have entered the proposed order and judgment because *Devil Creek Ranch I* foreclosed Cedar Mesa from presenting further evidence as to the prejudice it will allegedly suffer by the delayed assertion of Devil Creek Ranch's water right. This argument fundamentally misapprehends both the nature of summary judgment proceedings and this Court's opinion. In *Devil Creek Ranch I*, this Court held that the questions of prejudice and the other elements of a laches defense should be resolved by proper fact-finding proceedings, rather than by summary judgment motions. The district court was therefore correct in refusing to enter Devil Creek Ranch's proposed order and judgment.

■ For a different reason, we also affirm the order of the district court denying Devil Creek Ranch's motion to reconsider. Pursuant to Idaho Rule of Civil Procedure 11(a)(2)(B), Devil Creek Ranch moved the district court, on June 10, 1993, to reconsider its order denying Devil Creek Ranch's motion for summary judgment and granting summary judgment in favor of Cedar Mesa. The order had been entered on December 13, 1991, and final judgment on the order was entered on January 13, 1992.

Rule 11(a)(2)(B) permits a party to move the trial court to reconsider interlocutory orders not later than fourteen days after entry of a final judgment on the order. Noting the seventeen-month lapse between the entry of final judgment and the filing of the motion to reconsider, Cedar Mesa argues that the motion to reconsider was untimely.

Rule 11(a)(2)(B) motions ordinarily are filed prior to taking an appeal. This Court has never been presented with the situation where, as here, the motion to reconsider was filed after an appeal was issued reversing the final judgment. We agree with Devil Creek Ranch that in this case, no final judgment existed at the time that it filed the Rule

11(a)(2)(B) motion. Reversal of a judgment on appeal entirely rescinds that judgment. *Hutchins v. State*, 100 Idaho 661, 666, 603 P.2d 995, 1000 (1979). The vacating of the final judgment by *Devil Creek Ranch I* had the same effect on the judgment in this case. Because Rule 11(a)(2)(B) allows motions to reconsider to be filed at any time before entry of final judgment, and because there was no final judgment when the motion to reconsider was filed, the motion was timely.

■ Subsequent to *Devil Creek Ranch I*, the district court was not bound by its prior findings and conclusions and was in a position to modify its prior order as to matters not passed upon by this Court or controlled by the law of the case. *See Hutchins v. State*, 100 Idaho at 665–66, 603 P.2d at 999–1000. Devil Creek Ranch had the opportunity at that juncture to submit a "full and complete presentation of all available facts." *Coeur d'Alene Mining Co. v. First Nat'l Bank*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990) (quoting *J.I. Case Company v. McDonald*, 76 Idaho 223, 229, 280 P.2d 1070, 1073 (1955)). However, Devil Creek Ranch submitted no supporting affidavits, depositions, or admissions that would bring to the district court's attention new facts bearing on the correctness of the interlocutory order. A party filing a motion to reconsider pursuant to Rule 11(a)(2)(B) carries the burden of bringing to the trial court's attention the new facts. *Id.; see also Idaho First Nat'l Bank v. David Steed & Assoc.*, 121 Idaho 356, 361, 825 P.2d 79, 84 (1992) (trial court should have considered affidavit and exhibit submitted by party in support of Rule 11(a)(2)(B) motion). The district court, therefore, had no basis on which to grant Devil Creek Ranch's motion for reconsideration, and the denial of the motion is affirmed. Accordingly, it is unnecessary to address Cedar Mesa's alternative arguments for affirming the district court's order.

II. **The District Court Correctly Dismissed the Remainder of This Action.**

■ Devil Creek Ranch contends that the declaratory judgment as to the 1925 decree means that the 1915 decree is conclusive as to the extent and priority of Devil Creek

Ranch's water rights, and that the only matter remaining is the distribution of the 3 c.f.s. to Devil Creek Ranch. We hold that issues relating to the extent and priority of Devil Creek Ranch's water rights remain unresolved.

The extent of Devil Creek Ranch's water rights pursuant to the 1915 decree is unclear, since the 1915 decree fails to define the "irrigation season" during which Helsey was entitled to use the water. If, as it claims, Devil Creek Ranch is not bound by the 1925 decree's definition of irrigation season, then the applicable irrigation season is yet to be determined. Devil Creek Ranch alleges, without factual support, that since 1915, the irrigation season on Deadwood Creek has extended throughout the year. Devil Creek Ranch further asserts that the SRBA is engaged in redefining the parameters of the irrigation season on Deadwood Creek. If so, the extent of Devil Creek Ranch's water rights will likewise be redefined.

The second issue requiring resolution is whether Devil Creek Ranch's 1915 right, whatever it is, must be reduced, barred, or otherwise limited by Cedar Mesa's affirmative defenses of estoppel and/or laches. Cedar Mesa's affirmative defenses put Devil Creek Ranch's claimed rights at issue. This Court has previously held that when owners of water rights who, with full knowledge of all the facts, have long acquiesced in the water rights claimed by another party so that the party had incurred indebtedness on the strength of title to the water, the owners may be estopped by laches from questioning the rights claimed, even if the claimed rights were originally questionable. *Johnson v. Strong Arm Reservoir Irrigation Dist.,* 82 Idaho 478, 486–487, 356 P.2d 67, 72 (1960); *Hillcrest Irrigation Dist. v. Nampa & Meridian Irrigation Dist.,* 57 Idaho 403, 408–409, 66 P.2d 115, 117 (1937). Thus, if Cedar Mesa proves Devil Creek Ranch's full knowledge of the facts, and further proves that Cedar Mesa will be prejudiced by the passage of time between the 1925 decree and the filing of Devil Creek Ranch's declaratory judgment action, Devil Creek Ranch's prior-in-time right might not necessarily result in priority of right.

Devil Creek Ranch argues that these remaining issues should be litigated in the district court. However, the resolution of these issues would require the district court to resolve disputed issues concerning the right to the use of water. Reliance on the theories of laches and estoppel do not change the fact that this case is a private water rights adjudication and that the application of those theories would require the district court to "make findings and assumptions concerning the underlying water rights." *See Walker v. Big Lost River Irrigation Dist.,* 124 Idaho 78, 81, 856 P.2d 868, 871 (1993).

The Idaho legislature intended to prevent private adjudications of claimed water rights to water systems for which a general adjudication has been commenced or completed. *Id.;* I.C. § 42–1404(1) (1986 & Supp.1994). Because this controversy concerns an adjudication of a right to the use of water in the Snake River Basin, for which a general adjudication has commenced, only the SRBA district court has the subject matter jurisdiction to adjudicate the water rights asserted in this case. Therefore, the district court properly dismissed the remaining issues in this case for lack of subject matter jurisdiction.

### III. The District Court Erred by Denying Devil Creek Ranch's Request for Repayment.

After this Court issued *Devil Creek Ranch I,* Devil Creek Ranch, again operating under the assumption that it had fully prevailed, filed a memorandum of costs, pursuant to I.R.C.P. 54(d)(5), seeking a total of $744. The memorandum included a request for repayment of the $129 that Devil Creek Ranch paid to Cedar Mesa after Cedar Mesa was awarded summary judgment. Cedar Mesa agreed to pay Devil Creek Ranch's costs on appeal as ordered on remittitur by this Court, but objected to paying the remainder because "[n]o Order has been entered granting that amount to the plaintiff." The district court agreed with Cedar Mesa, finding that Devil Creek Ranch had not prevailed and thus was not entitled to costs beyond those ordered on remittitur.

This Court's disposition of *Devil Creek Ranch I* changed Cedar Mesa's status such that it was no longer the prevailing party entitled to an award of costs. *See Curtis v. DeAtley,* 104 Idaho 787, 791, 663 P.2d 1089, 1093 (1983). Therefore, the district court erred by not ordering the repayment of the costs awarded to Cedar Mesa. The court correctly denied the remaining costs requested by Devil Creek Ranch, however, because neither party prevailed.

## CONCLUSION

The district court's judgment which denied Devil Creek Ranch's proposed order and judgment and motion to reconsider is affirmed. The dismissal of the remaining issues in this cause for lack of subject matter jurisdiction is affirmed. The judgment denying Devil Creek Ranch's request for repayment of the $129 is reversed.

Costs, but not attorney fees, to Cedar Mesa.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.