# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 41514

JOHN WICKEL,

    Plaintiff-Appellant-Cross Respondent,

v.

DAVID J. CHAMBERLAIN, D.O.,

    Defendant-Respondent-Cross Appellant.

)
)
)
)
)
)
)
)
)
)

Idaho Falls, May 2015 Term

2015 Opinion No. 117

Filed: December 23, 2015

Stephen Kenyon, Clerk

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County.  Hon. Jon J. Shindurling, District Judge.

The district court's order denying Wickel's second motion for reconsideration and the final judgment dismissing Wickel's Complaint are <u>vacated</u> and the case is <u>remanded</u> for proceedings consistent with this opinion.

Beard St. Clair Gaffney PA, Idaho Falls, for appellant. Michael D. Gaffney argued.

Thomsen Holman Wheiler, PLLC, Idaho Falls, for respondent. Michael Wheiler argued.

_____

HORTON, Justice.

    John Wickel appeals from the Bonneville County district court's grant of summary judgment dismissing his claims for medical malpractice against Dr. David Chamberlain. After the district court granted Dr. Chamberlain's motion for summary judgment, Wickel moved for reconsideration, which the district court denied. Wickel appealed and Dr. Chamberlain cross-appealed. This Court remanded the matter to the district court for entry of a final judgment conforming to the requirements of I.R.C.P. 54(a), and Wickel filed a second motion for reconsideration. The district court denied Wickel's second motion for reconsideration, concluding that it lacked jurisdiction to decide the motion. Following entry of a final judgment, both parties amended their notices of appeal. We vacate the order denying Wickel's second motion for reconsideration and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1

Wickel sought treatment from Dr. Chamberlain in Idaho Falls on January 4, 2010, for internal and external hemorrhoids. Dr. Chamberlain is a board-certified general surgeon in Idaho Falls who practices with two other physicians under the name Idaho Falls Surgical Specialists. Dr. Chamberlain recommended an internal hemorrhoidectomy using a Procedure for Prolapse and Hemorrhoids device made by Ethicon (Ethicon PPH Device). The Ethicon PPH Device is a specialized tool for internal hemorrhoid surgery. Dr. Chamberlain also recommended an external hemorrhoidectomy using a harmonic scalpel.

Prior to surgery, Wickel signed a Surgical Procedure Consent wherein Wickel consented to the performance of a "[d]iagnosic evaluation of rectal problem and hemorrhoidectomy" and "to the doctors performing whatever different surgery or procedure they deem necessary or advisable during the course of the operation or procedure."

Wickel's surgery took place on January 8, 2010. After Wickel was anesthetized, Dr. Chamberlain discovered an anal fissure. Dr. Chamberlain believed, based upon his discussions with Wickel prior to surgery, that the best course was to treat the anal fissure while Wickel was under anesthesia in order to address all issues in one operation. Dr. Chamberlain performed a fissurectomy and an internal lateral sphincterotomy.

Following surgery, Wickel experienced significant pain and developed a perianal abscess. Wickel had several post-operation appointments with Dr. Chamberlain to address ongoing pain. At Wickel's March 3, 2010, appointment, Dr. Chamberlain noted that the abscess appeared healed and released Wickel from his care. The pain continued, and Wickel returned to Dr. Chamberlain's office on March 17, 2010, at which time Dr. Chamberlain diagnosed Wickel with a chronic anal fistula and recommended colorectal surgery.

Wickel then saw Drs. William Peche and Peter Bossart in Salt Lake City, Utah. Dr. Peche performed a procedure in June of 2010 and noted that the staple line from the PPH procedure was too close to the dentate line which resulted in physical damage to Wickel's sphincter. After minimal improvement, Wickel saw Dr. Bossart. Dr. Bossart performed an anal fistulectomy in August of 2010. By 2012, Wickel still suffered discomfort and incontinence. An independent medical exam opined that Wickel's pain following the surgery by Dr. Chamberlain was attributable to improper placement of the staple line within the anal canal.

Wickel filed a complaint against Dr. Chamberlain on January 3, 2012, alleging medical malpractice in the performance of the PPH procedure. Wickel also alleged that Dr. Chamberlain

never discussed the potential anal fissure or repair procedure prior to surgery, that he failed to diagnose the fissure, and failed to acquire Wickel's informed consent to the posterior anal fissurectomy or internal lateral sphincterotomy. Dr. Chamberlain moved for summary judgment on February 26, 2013, arguing that Wickel's claim was not supported by the expert testimony required by Idaho Code section 6-1013. In response, on March 22, 2013, Wickel submitted the affidavit of Dr. Joseph Scoma (First Affidavit) and the affidavit of Jessica Wilson, a paralegal for Wickel's attorney.

Wilson's affidavit averred: "I phoned each general surgeon in Idaho Falls, Idaho to inquire whether they performed hemorrhoidectomies using the PPH device . . . . None of the general surgeons in Idaho Falls, Idaho with whom I spoke perform hemorrhoidectomies using the PPH device." Wilson further stated that she "inquired of the general surgeons' offices whether the doctors would be willing to speak with Dr. Scoma about the local standard of care. They all declined to do so."

Dr. Scoma's First Affidavit reflects that he is board-certified as a general and colorectal surgeon and is licensed to practice medicine in California. Dr. Scoma asserted that he had "actual knowledge of the applicable community standard of care" based upon a conversation with Dr. Stephen Schmid, a general surgeon in Twin Falls, Idaho, who performed hemorrhoidectomies using the Ethicon PPH Device in 2010. Dr. Scoma opined that Dr. Chamberlain's failure to diagnose the anal fissure, performance of the hemorrhoidectomy using the Ethicon PPH Device, performance of the sphincterotomy, and treatment of the fistula that developed, all violated the applicable standard of health care practice. After Dr. Scoma's First Affidavit and Wilson's affidavit were filed, the hearing on Dr. Chamberlain's motion for summary judgment was vacated.

Dr. Chamberlain filed a second motion for summary judgment and a motion to strike Dr. Scoma's First Affidavit on May 28, 2013. Dr. Chamberlain argued that Dr. Scoma failed to familiarize himself with the applicable standard of health care practice and that Dr. Scoma's testimony was consequently inadmissible. Relying on Wilson's affidavit, Wickel responded that the standard of care for Idaho Falls was indeterminable and, thus, Dr. Scoma was permitted to familiarize himself with the standard of care in a similar community. Wickel contended that Twin Falls was such a community.

Following oral argument, on July 25, 2013, the district court issued its opinion and order on Dr. Chamberlain's motion to strike and his second motion for summary judgment. The district court found that because "the local standard of care was indeterminable," "Dr. Scoma was allowed to familiarize himself with the standard of care in a similar community" under Idaho Code section 6-1012. However, the district court determined that "[f]or Dr. Scoma's testimony to be admissible, it must be shown by evidence that Twin Falls and Idaho Falls are similar communities." Because Wickel "provided no evidence that Twin Falls and Idaho Falls are similar communities," the district court ruled that Dr. Scoma's First Affidavit was inadmissible. As a result, the district court granted Dr. Chamberlain's motion for summary judgment. The district court entered a document styled as a "Final Judgment" on July 30, 2013 (July 2013 Judgment), dismissing Wickel's complaint with prejudice.

Wickel filed a motion for reconsideration (First Motion for Reconsideration) on August 12, 2013, pursuant to I.R.C.P. 11(a)(2)(B). With it, Wickel filed the Supplemental Affidavit of Dr. Scoma (Second Affidavit). In his Second Affidavit, Dr. Scoma expanded upon his conversation with Dr. Schmid, the Twin Falls general surgeon, regarding the national standard of care for using the Ethicon PPH Device. Dr. Scoma's Second Affidavit also indicated that he had spoken with Dr. Schmid for a second time and had learned that Dr. Schmid used the Ethicon PPH Device, was familiar with the performance of hemorrhoidectomies using the Ethicon PPH Device, and had received his training on the Ethicon PPH Device from Dr. Eyring in Salt Lake City, Utah. Dr. Eyring had also trained Dr. Chamberlain on the Ethicon PPH Device in Salt Lake City.

Dr. Chamberlain filed a motion to strike Dr. Scoma's Second Affidavit, arguing it was a sham affidavit. The district court concluded that Dr. Scoma's Second Affidavit was admissible but determined "that there were not sufficient facts in the record at the time of Summary Judgment for the [district court] to find that Twin Falls and Idaho Falls are similar communities." Thus, while the district court denied Dr. Chamberlain's motion to strike Dr. Scoma's Second Affidavit, the district court denied Wickel's First Motion for Reconsideration.

Wickel timely appealed to this Court, and Dr. Chamberlain cross-appealed. On October 28, 2013, this Court remanded the matter to the district court because the July 2013 Judgment was not a final judgment as defined by I.R.C.P. 54(a).

On October 30, 2013, Wickel filed a Second Motion for Reconsideration, requesting the district court to "reconsider its prior ruling and decisions finding that there is insufficient evidence that Twin Falls and Idaho Falls are similar communities within the meaning of Idaho Code section 6-1012." With the motion, Wickel filed the Second Supplemental Affidavit of Dr. Scoma (Third Affidavit). Dr. Chamberlain responded by moving to strike Dr. Scoma's Third Affidavit.

One day later, the district court filed a Final Judgment on October 31, 2013. This judgment satisfied the requirements of I.R.C.P. 54(a). The district court held a hearing on Wickel's Second Motion for Reconsideration where the parties agreed the district court would only decide whether it had jurisdiction to hear Wickel's Second Motion for Reconsideration. The district court issued its decision on December 18, 2013, wherein it concluded that it did not have jurisdiction to entertain the Second Motion for Reconsideration because Wickel filed his motion more than fourteen days after the entry of the July 2013 Judgment.

Wickel timely appealed and Dr. Chamberlain timely cross-appealed.

## II. STANDARD OF REVIEW

We have identified the standard of review for an appeal from a grant of summary judgment in a medical malpractice case as follows:

> "On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion." *Arregui v. Gallegos-Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). "When considering whether the evidence in the record shows that there is no genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences, in favor of the nonmoving party." *Dulaney v. St. Alphonsus Reg'l Med. Ctr.*, 137 Idaho 160, 163, 45 P.3d 816, 819 (2002).
>
> The admissibility of expert testimony offered in connection with a motion for summary judgment "is a threshold matter that is distinct from whether the testimony raises genuine issues of material fact sufficient to preclude summary judgment." *Arregui*, 153 Idaho at 804, 291 P.3d at 1003. When deciding whether expert testimony is admissible, "[t]he liberal construction and reasonable inferences standard does not apply." *Hall v. Rocky Mountain Emergency Physicians, LLC*, 155 Idaho 322, 325, 312 P.3d 313, 316 (2013) (quoting *Dulaney*, 137 Idaho at 163, 45 P.3d at 819). The trial court must look at the affidavit "testimony and determine whether it alleges facts which, if taken as true,

5

would render the testimony of that witness admissible." *Id.* at 325–26, 312 P.3d at 316–17.

*Bybee v. Gorman*, 157 Idaho 169, 173, 335 P.3d 14, 18 (2014).

"[W]hen reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). Thus, "when reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Id.*; *see also Shea v. Kevic Corp.*, 156 Idaho 540, 545, 328 P.3d 520, 525 (2014).

## III. ANALYSIS

### A. The district court erred when it determined it did not have jurisdiction to consider Wickel's Second Motion for Reconsideration.

Wickel raises several issues on appeal related to the district court's grant of Dr. Chamberlain's motion for summary judgment, the admissibility of Dr. Scoma's First Affidavit, and the denial of his Second Motion for Reconsideration. Specifically, Wickel alleges that the district court erred in the following respects: (1) by failing to apply a national standard of care in determining the admissibility of Dr. Scoma's First Affidavit; (2) abusing its discretion when striking Dr. Scoma's First Affidavit; (3) granting summary judgment dismissing his informed consent claim; (4) granting summary judgment dismissing his medical malpractice claim; (5) finding that Wickel had waived the argument that Dr. Chamberlain did not raise the issue of similar communities in his Second Motion for Summary Judgment; and (6) concluding it did not have jurisdiction to hear Wickel's Second Motion for Reconsideration. Dr. Chamberlain cross-appeals and raises several issues, arguing that the district court: (1) erred in determining that the local standard of health care for Idaho Falls was indeterminable; and (2) abused its discretion in admitting Dr. Scoma's Second Affidavit.

Because we conclude that the district court erred in failing to consider Wickel's Second Motion for Reconsideration we do not reach the remaining issues on appeal.

The district court entered its "final judgment" following its grant of Dr. Chamberlain's Motion for Summary Judgment on July 30, 2013. Following Wickel's appeal, on October 28, 2013, this Court entered an Order Remanding to District Court because the July 2013 Judgment was not a final judgment pursuant to I.R.C.P. 54(a). This Court's order stated:

6

IT HEREBY IS ORDERED that pursuant to Idaho Appellate Rules 11(a), 13.3, and 17(e)(2), the above-entitled matter be, and hereby is, REMANDED to the District Court and proceedings in this appeal shall be SUSPENDED to allow for the entry of a FINAL JUDGMENT that does not contain a record of prior proceedings. Upon entry of the FINAL JUDGMENT by the District Court, the District Court Clerk is directed to transmit a certified copy of the FINAL JUDGMENT to this Court, at which time this appeal shall proceed accordingly.

The district court then entered a final judgment on October 31, 2013.

In the interim, however, on October 30, 2013, Wickel filed his Second Motion for Reconsideration. As noted above, the district court held a hearing on Wickel's Second Motion for Reconsideration where the parties agreed the district court would only decide whether the district court had jurisdiction to hear Wickel's Second Motion for Reconsideration.

The district court concluded that it did not have jurisdiction and did not reach the merits of the motion. In reaching this conclusion, the district court noted that under I.R.C.P. 11(a)(2)(B), a motion for reconsideration may be filed no later than fourteen days after the entry of final judgment. The district court reasoned that since "[t]he imperfections in the July 30, 2013 final judgment were not a result of actions of the parties . . . it would be unjust for this Court to allow the party to benefit from the error." Thus, although the July 2013 Judgment was not a final judgment, "the Supreme Court never intended to alter the rights of the litigants when it remanded deficient final judgments for correction. Therefore, the fourteen day limit to file a motion for reconsideration began to run on July 30, 2013."

Idaho Appellate Rule 11(a) provides that "[a]n appeal as a matter of right may be taken to the Supreme Court from . . . [f]inal judgments, as defined in Rule 54(a) of the Idaho Rules of Civil Procedure . . . ." I.A.R. 11(a)(1). Pursuant to I.R.C.P. 54(a) as it existed at the time:

> A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice. A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, the court's legal reasoning, findings of fact or conclusions of law.

I.R.C.P. 54(a) (2013). A document that does not comply with I.R.C.P. 54(a) does not constitute a final judgment. *Holland v. Metro. Prop. & Cas. Ins. Co.*, 153 Idaho 94, 99, 279 P.3d 80, 85 (2012). The July 2013 Judgment contained procedural history and as such, it did not constitute a final judgment. *Id.*

Idaho Rule of Civil Procedure 11(a)(2)(B) provides: "A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment

but not later than fourteen (14) days after the entry of the final judgment." "This Court has repeatedly held that I.R.C.P. 11(a)(2)(B) provides a district court with authority to reconsider and vacate interlocutory orders so long as final judgment has not been entered." *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 106, 294 P.3d 1111, 1118 (2013) (quoting *Elliott v. Darwin Neibaur Farms*, 138 Idaho 774, 785, 69 P.3d 1035, 1046 (2003)). "[U]ntil a final judgment has been entered, an order granting summary judgment is an interlocutory order and subject to reconsideration pursuant to I.R.C.P. 11(a)(2)(B)." *Puckett v. Verska*, 144 Idaho 161, 166, 158 P.3d 937, 942 (2007); *see also Agrisource, Inc. v. Johnson*, 156 Idaho 903, 911–12, 332 P.3d 815, 823–24 (2014); *PHH Mort. Servs. Corp. v. Perreira*, 146 Idaho 631, 635, 200 P.3d 1180, 1184 (2009).[1] Regardless of the lapse in time between the entry of an invalid final judgment and the filing of the motion to reconsider, if no final judgment existed at the time the motion to reconsider under I.R.C.P. 11(a)(2)(B) is filed, the motion is timely. *Devil Creek Ranch, Inc. v. Cedar Mesa Reservoir & Canal Co.*, 126 Idaho 202, 205, 879 P.2d 1135, 1138 (1994).

The July 2013 Judgment contained procedural history and, thus, was not a final judgment. Based upon the plain language of the Idaho Rules of Civil Procedure, the July 2013 Judgment was an interlocutory order and subject to reconsideration. Wickel filed his Second Motion for Reconsideration prior to entry of a final judgment on October, 31, 2013. Because I.R.C.P. 11(a)(2)(B) allows motions to reconsider to be filed at any time before entry of a final judgment, and because there was no final judgment at the time Wickel filed his Second Motion to Reconsider, the motion was timely. Thus, the district court erred in its conclusion that it did not have jurisdiction to decide Wickel's Second Motion for Reconsideration.

Because the parties agreed that the district court would only decide the issue of whether it had jurisdiction to consider Wickel's Second Motion for Reconsideration, the district court did not reach the merits of Wickel's motion. The district court also did not reach the merits of Chamberlain's motion to strike Dr. Scoma's Third Affidavit.

"On a motion for reconsideration, the court must consider any new admissible evidence or authority bearing on the correctness of an interlocutory order." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). When this Court reviews the denial of a motion for

---

[1] Thus, Dr. Chamberlain is incorrect in his assertion that, regardless of the validity of the July 2013 Judgment, the district court's order granting Dr. Chamberlain's Second Motion for Summary Judgment was a final judgment because it completely adjudicated the parties' dispute.

reconsideration following the grant of summary judgment, "this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Id.* Thus, as the district court was asked to reconsider the granting of a motion for summary judgment, the summary judgment standard applies to this Court's review of the decision. *Id.*

However, "[t]he admissibility of expert testimony offered in connection with a motion for summary judgment 'is a threshold matter that is distinct from whether the testimony raises genuine issues of material fact sufficient to preclude summary judgment.' " *Bybee*, 157 Idaho at 173, 335 P.3d at 18 (quoting *Arregui v. Gallegos-Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012)). Importantly, "admissibility of evidence is a matter committed to the discretion of the trial court." *Montgomery v. Montgomery*, 147 Idaho 1, 6, 205 P.3d 650, 655 (2009). Thus, "[a] trial court's failure to determine the admissibility of evidence offered in connection with a motion for summary judgment is error that may not be remedied on appeal." *Id.* As this Court held in *Gem State Insurance*, "when the discretion exercised by a trial court is affected by an error of law," this Court's "role is to note the error made and remand the case for appropriate findings." *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15–16, 175 P.3d 172, 177–78 (2007).

We are unable to determine whether Dr. Scoma's Third Affidavit demonstrated the existence of a genuine issue of material fact because we cannot address the admissibility of Dr. Scoma's Third Affidavit absent a ruling by the district court. Accordingly, we are unable to review the merits of Wickel's Second Motion for Reconsideration. For this reason, we vacate the order denying Wickel's Second Motion for Reconsideration and remand for a determination on the admissibility of Dr. Scoma's Third Affidavit.

While we do not address the merits of the admissibility of Dr. Scoma's Third Affidavit or the merits of Wickel's Second Motion for Reconsideration, we caution against a hyper-technical application of Idaho Code sections 6-1012 and 6-1013. It would be an odd result indeed if a doctor who was taught to use the same device, for the same procedure, from the same instructor, would not be qualified to render an opinion regarding the standard of care for use of that device.

## IV. CONCLUSION

We vacate the district court's order denying Wickel's Second Motion for Reconsideration and the final judgment dismissing Wickel's Complaint. We remand for the district court's determination of the admissibility of Dr. Scoma's Third Affidavit before consideration of the merits of Wickel's Second Motion for Reconsideration. Costs on appeal to Wickel.

Justices EISMANN, BURDICK and W. JONES, **CONCUR**.

J. JONES, Chief Justice, concurring.

I fully concur in the Court's opinion but write to observe that this case presents the opportunity for the district court to address some issues that deserve exploration:

1. Where medical communities such as Idaho Falls and Twin Falls appear on the surface to be quite comparable, how much of a showing is necessary in order to establish the similarity of the communities?

2. Do the manufacturer's guidelines for the use and installation of a medical device that is sold nationally establish a national standard of care for the use and installation of the device?

3. Where, as here, the plaintiff's expert and the defendant physician both learned the procedure for installation of a medical device from the same doctor, does the procedure, as taught, establish the standard of care?

It is obviously up to the parties to devise their respective strategies on remand, but they do have an opportunity to develop some instructive case law.