# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43105

<table>
<tr><td>IN THE MATTER OF THE ESTATE OF: GORDON THOMAS LANHAM, Deceased.</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td>JUDD LANHAM,</td><td>)</td><td>2016 Opinion No. 13A</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Personal Representative-<br>Respondent-Respondent on<br>Appeal,</td><td>)<br>)<br>)</td><td>Filed: February 25, 2016<br><br>Stephen W. Kenyon, Clerk</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>AMENDED OPINION<br>THE COURT'S PRIOR OPINION</td></tr>
<tr><td>THOMAS E. LANHAM,</td><td>)<br>)</td><td>DATED FEBRUARY 24, 2016,<br>IS HEREBY AMENDED</td></tr>
<tr><td>Respondent-Appellant-Appellant<br>on Appeal.</td><td>)<br>)<br>)</td><td></td></tr>
</table>

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. D. Duff McKee, District Judge; Hon. Tyler D. Smith, Magistrate.

Intermediate appellate decision dismissing appeal, affirmed.

Foley Freeman, PLLC; Patrick J. Geile and Matthew G. Bennett, Meridian, for respondent-appellant-appellant on appeal. Matthew G. Bennett argued.

Law Offices of Nancy L. Callahan; Nancy L. Callahan and Rolf M. Kehne, Emmett, for personal representative-respondent-respondent on appeal. Rolf M. Kehne argued.

---

HUSKEY, Judge

Thomas E. Lanham (Appellant) appeals from the district court's order dismissing the appeal filed in this case, arguing that his appeal to the district court was timely. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

After Gordon Thomas Lanham's (Testator) death, Judd Max Lanham (Respondent) filed an application for informal probate and was appointed personal representative. Subsequently, Appellant filed a petition for order restraining the Respondent. After a hearing, the magistrate denied Appellant's motion.

Appellant then filed a motion for summary judgment. Respondent filed a cross-motion for summary judgment and motion to dismiss. At the hearing on June 10, 2014, the magistrate granted summary judgment in favor of the Respondent. On June 20, 2014, Appellant filed a motion for reconsideration, but the motion neither included a notice of hearing nor indicated whether Appellant desired oral argument; both requirements under Idaho Rule of Civil Procedure 7(b).[1] On June 25, 2014, the magistrate filed both an order granting the Respondent's cross-motion for summary judgment and a judgment. In the judgment, the magistrate did not acknowledge the motion for reconsideration. Appellant did not pursue the motion for reconsideration after the final judgment was filed.

On August 13, 2014, Appellant appealed to the district court. Respondent filed a motion to dismiss, arguing that Appellant's appeal was untimely filed. The district court held that the notice of appeal was filed outside the forty-two-day period and that the motion for reconsideration did not toll the time for appeal because it was filed before the magistrate entered the judgment. Appellant timely appeals.

# II.

## STANDARD OF REVIEW

Whether an appeal to the district court was timely filed is a question of law. *Goodman Oil Co. v. Scotty's Duro-Bilt Generator, Inc.*, 147 Idaho 56, 58, 205 P.3d 1192, 1194 (2009). Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992); *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

---

[1] Unless a motion may be heard ex parte, I.R.C.P. 7(b)(3)(A) requires a written motion and a notice of hearing to be filed with the court. I.R.C.P. 7(b)(1) requires a party to indicate on the face of the motion whether the party desires to present oral argument.

ANALYSIS

Appellant argues the magistrate's judgment was not a valid final judgment. Appellant also argues that his motion for reconsideration should be treated like a motion to alter or amend judgment and that his motion tolls the period for appeal.

## A. The Magistrate's Judgment was a Valid Final Judgment

Appellant argues the magistrate's judgment was not a valid judgment because it, *inter alia*, contains a recital of the pleadings, in contravention of I.R.C.P. 54(a). Appellant cites *Wickel v. Chamberlain*, 159 Idaho 532, 363 P.3d 854 (2015), in support of his position.

In *Wickel*, the appellant filed a complaint against the respondent for medical malpractice. The Respondent filed a motion for summary judgment, which the district court granted on July 25, 2013. The district court entered a purported final judgment on July 30, 2013. The Appellant filed a motion for reconsideration on August 12, 2013, which the district court denied. Appellant timely appealed. On October 28, 2013, the Supreme Court remanded the matter to the district court because the July 2013 order was not a final judgment as defined by I.R.C.P. 54(a). On October 30, 2013, the Appellant filed a second motion for reconsideration. The district court entered a proper final judgment on October 31, 2013. On December 18, 2013, the district court determined it did not have jurisdiction to consider the second motion for reconsideration because it was filed more than fourteen days after the entry of the July 2013 judgment. The appellant again appealed to the Supreme Court. The Supreme Court noted the July 2013 judgment was not a valid final judgment but, instead, was an interlocutory order. The second motion for reconsideration was timely because it was filed before or within 14 days of the entry of the actual final judgment entered in October 2013. The Supreme Court remanded the case to the district court on December 23, 2015.

Of note, on February 12, 2015, the Supreme Court entered an order entitled In Re: Finality of Judgments Entered Prior to April 15, 2015 (Standing Order). In pertinent part, the order stated that "any judgment, decree or order entered before April 15, 2015, that was intended to be final but which did not comply with Idaho Rule of Civil Procedure 54(a) . . . shall be treated as a final judgment."

*Wickel* neither overrules nor contradicts the Standing Order. The doctrine of the law of the case provides that upon:

an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000). In *Wickel*, the Supreme Court determined that the initial judgment was not a final judgment almost two years before it issued the Standing Order. *Wickel*, 159 Idaho 537, 363 P.3d at 859. Therefore, under the law of the case, as of October 2013, when the second motion for reconsideration was filed, the July 2013 order was not a valid final judgment. Even though the opinion on the second *Wickel* appeal was issued after the Standing Order, the Supreme Court was obligated to follow the law of the case established in the previous appeal. To allow the parties to relitigate the finality of the initial purported final judgment would transgress the purpose of the doctrine of the law of the case. Therefore, we hold that *Wickel* is not controlling precedent in this case and this Court will defer to the Standing Order as the controlling authority.

Although the final judgment issued in this case did not comply with I.R.C.P. 54(a), it became a valid final judgment by virtue of the Standing Order.

**B.     The Magistrate Presumptively Denied Appellant's Motion by Entering the Final Judgment**

Appellant argues that his motion can be treated as either a motion for reconsideration under I.R.C.P. 11(a)(2)(B) or a motion to alter or amend judgment under I.R.C.P. 59(e). Appellant further argues that his motion, under either rule, tolled the period for appeal. Respondent argues Appellant's motion was a motion for reconsideration pursuant to I.R.C.P. 11(a)(2)(B) and cannot toll the period of appeal because it was not timely filed. We hold that although Appellant's motion was a timely filed motion for reconsideration under I.R.C.P. 11(a)(2)(B), it was presumptively denied when the magistrate entered the final judgment. Because the motion for reconsideration was presumptively denied, it did not toll the time for appeal.

**1.     Appellant's motion was a motion for reconsideration under I.R.C.P. 11(a)(2)(B)**

We begin by determining whether Appellant's motion is actually a motion for reconsideration under I.R.C.P. 11(a)(2)(B) or a motion to alter or amend judgment under I.R.C.P 59(e). A motion for reconsideration allows a party to move a court to reconsider an interlocutory order. I.R.C.P. 11(a)(2)(B). An interlocutory order is an order that is temporary in

nature or does not completely adjudicate the parties' dispute. *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 107, 294 P.32 1111, 1119 (2013). When an order granting summary judgment is filed before a final judgment, the order granting summary judgment is an interlocutory order. *Agrisource, Inc. v. Johnson*, 156 Idaho 903, 911, 332 P.3d 815, 823 (2014).

Here, Appellant moved the court to reconsider its ruling on Respondent's cross-motion for summary judgment, not the final judgment. Because Appellant filed the motion prior to entry of the final judgment and was only challenging the order granting summary judgment, an interlocutory order, Appellant's motion is a motion for reconsideration under I.R.C.P. 11(a)(2)(B), rather than a motion to alter or amend judgment under I.R.C.P. 59(e).

**2.      Appellant's motion for reconsideration was timely filed**

Having determined that Appellant's motion was a motion for reconsideration under I.R.C.P. 11(a)(2)(B), we now determine whether Appellant's motion was timely filed. A motion for reconsideration of any interlocutory order of the trial court may be made at any time before the entry of final judgment, but not later than fourteen days after the entry of the final judgment. I.R.C.P. 11(a)(2)(B). When judgment has been pronounced in open court, requiring a litigant to wait to seek reconsideration until the court clerk has file-stamped the written order would be hyper-technical and violate the spirit of the rules of civil procedure. *See Willis v. Larsen*, 110 Idaho 818, 821, 718 P.2d 1256, 1259 (1986). Therefore, Appellant's motion was timely filed, even though it was filed prior to entry of the written order.

**3.      Appellant's motion for reconsideration was presumptively denied by entry of the final judgment**

A final judgment is "an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties. It must be a separate document that on its face states the relief granted or denied." *T.J.T., Inc. v. Mori*, 148 Idaho 825, 826, 230 P.3d 435, 436 (2010). The purpose of a rule requiring that every judgment be set forth on a separate document is to eliminate confusion about when the clock for an appeal begins to run. *Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 619, 226 P.3d 1263, 1266 (2010). A final judgment that does not dispose of outstanding issues in a case does not fulfill its purpose. Therefore, where a trial court fails to rule on a motion for reconsideration filed prior to the entry of a final judgment, we presume the district court denied the motion when it entered a final judgment. *See State v. Wolfe*, 158 Idaho 55, 61, 343 P.3d 497, 503 (2015).

In *Wolfe*, the appellant was convicted of first degree murder in 1982. In 2004, he filed an Idaho Criminal Rule 35 motion to correct an illegal sentence. *Id.* at 58, 343 P.3d at 500. The motion was denied as untimely; the appellant filed a timely motion for reconsideration. *Id.* While the motion for reconsideration was pending, the appellant filed a petition for post-conviction relief. *Id.* Thereafter, the district court ordered that the motion for reconsideration and the petition for post-conviction relief be decided in one civil case. *Id.* at 61, 343 P.3d at 503. The district court subsequently issued its memorandum decision and order advising the parties that the appellant's claims would be dismissed as untimely but did not separately or explicitly rule on the motion for reconsideration. *Id.* at 59, 343 P.3d at 501. The district court then entered its order dismissing the appellant's civil case. *Id.* Four years later, the appellant moved the district court for a hearing on his seven-year-old motion for reconsideration. *Id.* The district court denied the appellant's motion for a hearing; a timely appeal followed. *Id.*

The Supreme Court held the district court did not err when it denied the appellant's motion for a hearing on the motion for reconsideration. *Id.* at 61, 343 P.3d at 503. The Court presumed, under the doctrine of the presumption of regularity and validity of judgments, that the district court considered the appellant's motion for reconsideration when it issued its memorandum decision and order. *Id.* The Court further noted, "[W]e have held that where a district court fails to rule on a motion, we presume the district court denied the motion." *Id.* Because the district court did not rule on the appellant's motion for reconsideration, the Supreme Court presumed the district court denied the motion. *Id.* at 62, 343 P.3d at 504. The Court noted that the presumption became a conclusion because the subsequent order dismissed the entire civil case. *Id.* The Court then held, because the order dismissed the entire case and the appellant failed to file a notice of appeal within forty-two days, the district court did not err in denying the motion for a hearing. *Id.*

As in *Wolfe*, Appellant filed a motion for reconsideration that was neither explicitly ruled on nor mentioned in the final judgment. However, as in *Wolfe*, we presume the court denied the motion when it failed to rule on it. The presumption became a conclusion when the final judgment was entered. Additionally, presumptively denying outstanding motions by entering final judgment ensures that a final judgment actually ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties, while simultaneously avoiding confusion about when the time for an appeal begins to run.

6

As noted above, Appellant's motion for reconsideration failed to comply with several sections of I.R.C.P. 7. The failure to comply with I.R.C.P. 7(b)(3)(A) and I.R.C.P. 7(b)(1) was further exacerbated by Appellant's failure to pursue his motion for reconsideration at any time prior to the filing of the notice of appeal or acknowledge his motion for reconsideration in his opening appellate brief to the district court.[2] If Appellant was interested in pursuing the motion for reconsideration, it was incumbent upon Appellant to bring the motion to the attention of the court. *See Wolfe*, 158 Idaho at 62 n.3, 343 P.3d at 504 n.3. Because Appellant waited forty-nine days after the entry of judgment to file his appeal, the appeal is untimely. I.R.C.P. 83(e).

Moreover, fairness and equity do not allow Appellant to destroy the finality of a judgment by failing to pursue the motion in this case and then claim that failure tolled the time for appeal. The rules of civil procedure shall be liberally construed to secure the just, speedy, and inexpensive determination of every action and proceeding. I.R.C.P. 1(a). But to allow a motion that did not comply with I.R.C.P. 7, and which Appellant did not pursue, to toll the period for appeal does not advance those goals.[3] Instead, it allows a party to attempt to indefinitely toll the period of appeals and can create confusion about when the time for an appeal begins to run.

Accordingly, we hold that an outstanding motion for reconsideration is presumptively denied when a trial court enters a final judgment and thus, does not toll the time for filing an appeal.

### C.   Attorney Fees on Appeal

Appellant seeks an award of costs and attorney fees under Idaho Code §§ 15-8-208 and 12-121. In addition to those statutes, Respondent seeks costs and attorney fees under I.C. § 12-123, I.R.C.P. 11, and Idaho Appellate Rule 11.2.

---

[2]   Even if we did not presume the magistrate denied Appellant's motion for reconsideration, Appellant abandoned that motion by not pursuing it at any point between the entry of the final judgment and the filing of the notice of appeal. Appellant had the burden to pursue the motion for reconsideration in the event the district court failed to rule on it. Because he failed to pursue the motion, Appellant abandoned the motion. *See Wolfe*, 158 Idaho at 62 n.3, 343 P.3d at 504 n.3; *see also Worthington v. Thomas*, 134 Idaho 433, 437, 4 P.3d 545, 549 (2000).

[3]   In addition to the civil rules mentioned above, Appellant also failed to state that his motion for reconsideration was based on I.R.C.P. 11(a)(2)(B). I.R.C.P. 7(b)(1) (a motion shall state with particularity the ground therefor, including the number of the applicable civil rule).

On appeal, Appellant did not act frivolously. Therefore, neither party is entitled to fees under I.C. §§ 12-121 and 12-123, I.R.C.P. 11, or I.A.R. 11.2. Under I.C. § 15-8-208, an appellate court may, in its discretion, award costs or attorney fees to any party. We hold that neither party is entitled to costs or attorney fees on appeal.

## IV.

## CONCLUSION

Based on the foregoing, the district court's intermediate appellate decision dismissing appeal is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.