# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43686-2015

REED J. TAYLOR, )
) Boise, August 2017 Term
Plaintiff-Appellant, )
) 2017 Opinion No. 100
v. )
) Filed: September 20, 2017
RICHARD A. RILEY and HAWLEY )
TROXELL ENNIS & HAWLEY, LLP, ) Karel A. Lehrman, Clerk
an Idaho limited liability partnership, )
)
Defendants-Respondents, )
)
and )
)
SHARON CUMMINGS, Personal )
Representative of the Estate of Robert M. )
Turnbow, and EBERLE BERLIN KADING )
TURNBOW & MCKLVEEN, CHTD., an )
Idaho Corporation. )
)

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. Hon. Richard D. Greenwood, District Judge.

The judgment of the district court is affirmed.

Roderick C. Bond, Roderick Bond Law Office PLLC, Bellevue, Washington, argued for appellant.

Jeffrey A. Thomson, Elam & Burke PA, Boise, argued for respondents.

_____

EISMANN, Justice.

This is an appeal from a judgment dismissing claims against an attorney and a law firm that he later joined based upon an opinion letter issued by the attorney in his capacity as corporate counsel regarding the legality of a stock redemption agreement. The Appellant challenges the grant of summary judgment to the Respondents and the amount of attorney fees

awarded to them. We affirm the judgment dismissing the claims and the awards of attorney fees, and we award attorney fees on appeal.

## I.

### Factual Background.

This case arises out of an opinion letter issued in August 1995 to Reed J. Taylor by Messrs. Robert A. Riley and Robert M. Turnbow, as counsel for AIA Services Corporation ("AIA Services"). Mr. Taylor held sixty-three percent of the corporation's common stock and served as the Chairman of the Board of Directors and the corporation's Chief Executive Officer. In July 1995, Mr. Taylor and AIA Services entered into a stock redemption agreement, in which the corporation agreed to redeem Mr. Taylor's stock for $7.5 million and other consideration. Messrs. Riley and Turnbow represented the corporation in negotiating that agreement, and Mr. Taylor was represented by his own counsel. The stock redemption agreement required an opinion letter from the corporation's legal counsel, and Messrs. Riley and Turnbow participated in drafting and issuing that letter.

The letter was dated August 15, 1995, and signed "Eberle Berlin Kading Turbow & McKlveen, Chtd." ("Eberle Berlin"), which was the law firm of which Mr. Turnbow was a partner and Mr. Riley was an employee. In the letter, they stated that AIA Services and its subsidiaries "have full corporate power and authority to enter into, execute and deliver" the stock redemption agreement and related documents; that the stock redemption agreement and related documents "constitute the valid and binding obligation of Company and its Subsidiaries enforceable against them in accordance with their respective terms"; and that neither the stock redemption agreement nor the consummation of the transaction, "to the best of our knowledge, violate any law." The opinion letter was addressed to Mr. Taylor, and it concluded with the statement, "This opinion is furnished by us solely for your benefit for use in connection with the Transaction Documents and the transactions contemplated thereby; and it may not be furnished or quoted to, or relied upon, by any other person."

The stock redemption transaction closed in August 1995. Pursuant to agreement, AIA Services gave Mr. Taylor a promissory note in the sum of $1.5 million payable within ninety days and a promissory note in the sum of $6 million payable in ten years, with monthly interest-only payments until the note was paid in full. The corporation failed to make the required

2

payments, and Mr. Taylor and the corporation executed a restructured stock redemption agreement dated July 1, 1996. When the corporation failed to make the payments due under that agreement, Mr. Taylor filed a lawsuit on January 29, 2007, against the corporation, its subsidiaries, Mr. Taylor's brother, other officers and directors of AIA Services, and their spouses (*Taylor v. AIA Services Corp.*). Before the lawsuit was resolved, Mr. Taylor filed two more lawsuits against the attorneys who were representing or had represented defendants in the *Taylor v. AIA Services Corp.* lawsuit.

In April 2008, defendants in *Taylor v. AIA Services Corp.* filed motions for a partial summary judgment alleging that the stock redemption agreement was unenforceable because it was an illegal contract. The hearing on those motions was held on April 23, 2008. In August 2008, Mr. Taylor filed a lawsuit against Michael E. McNichols and his firm, Clements, Brown and McNichols, P.A. (*Taylor v. McNichols*), who initially represented Mr. Taylor's brother, AIA Services, and its subsidiary. In April 2007, Mr. McNichols had withdrawn from representing AIA Services and its subsidiary, and Gary Babbitt and John Ashby, of the law firm Hawley Troxell Ennis & Hawley, LLP ("Hawley Troxell"), appeared as counsel for those defendants. In August 2008, Mr. Taylor also filed a lawsuit against Messrs. Babbitt and Ashby, Hawley Troxell, and two other attorneys from that firm, Patrick Collins and Richard Riley, (*Taylor v. Babbitt*). On March 1, 1999, Mr. Riley had left Eberle Berlin and had joined Hawley Troxell.

Mr. Taylor asserted claims against the attorneys for (1) aiding and abetting or assisting others in the commission of tortious acts in *Taylor v. AIA Services Corp.*; (2) conversion and misappropriation of the corporate assets of AIA Services and its subsidiary; (3) violations of Idaho's Consumer Protection Act, and (4) professional negligence and/or breach of fiduciary duties for their conduct in representing AIA Services, including their failure to defend the accuracy of the opinion letter. The defendants in these two cases filed motions to dismiss, and the court entered orders granting those motions. The district judge presiding over these two cases was also the district judge presiding over *Taylor v. AIA Services Corp.*, and he took judicial notice of that case *in toto* when deciding the motions. Mr. Taylor filed notices of appeal, but no judgments had yet been entered in the cases. They were remanded for the entry of judgments, which were then provided to this Court on March 24, 2010. The two cases were consolidated for the appeal, and this Court upheld the judgments in favor of the defendants. *Taylor v. McNichols*, 149 Idaho 826, 243 P.3d 642 (2010).

3

On June 17, 2009, the court in *Taylor v. AIA Services Corp.* held that the stock redemption agreement was void because a statute in effect in 1995 prohibited a corporation from redeeming its own shares unless either (a) the corporation had sufficient unreserved and unrestricted earned surplus to do so or (b) it had sufficient unreserved and unrestricted capital surplus to do so and the use of capital surplus for the redemption was authorized either by the articles of incorporation or by the vote of the holders of a majority of all its shares. The court found, based upon the evidence presented in connection with the motions for summary judgment, that AIA Services had negative earned surplus in 1995 and that the use of capital surplus had not been authorized by a vote of the shareholders. Mr. Taylor did not contend that the use of capital surplus was authorized by the articles of incorporation.

On September 4, 2009, the court in *Taylor v. AIA Services Corp.* entered a partial judgment dismissing as to all defendants Mr. Taylor's claims alleging breach of contract, misrepresentation, fraud, conversion, constructive trust, specific performance, and breach of the implied covenants of good faith and fair dealing. That partial judgment was certified as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. This Court affirmed the partial judgment on appeal. *Taylor v. AIA Servs. Corp.*, 151 Idaho 552, 261 P.3d 829 (2011).

On October 1, 2009, Mr. Taylor filed this lawsuit against Mr. Riley, Hawley Troxell, Mr. Turnbow, and Eberle Berlin. In Mr. Taylor's complaint, he sought to recover damages caused by his reliance on the opinion letter issued by Messrs. Riley and Turnbow based upon the theories of negligent misrepresentation, malpractice, consumer protection act violations, breach of fiduciary duties, and fraud or constructive fraud. Mr. Turnbow passed away while the lawsuit was pending, and the personal representative of his estate was substituted as a party in his place. Mr. Taylor and the personal representative ultimately reached a settlement, and Mr. Taylor's claims against the estate were dismissed with prejudice.

Mr. Riley and Hawley Troxell filed motions for summary judgment seeking dismissal with prejudice of all claims alleged against them in the complaint, and Mr. Taylor filed a motion for partial summary judgment seeking an order that they were liable on all of his claims. After briefing and argument, the district court entered orders denying Mr. Taylor's motion, granting Mr. Riley's motion with respect to the claims of negligent misrepresentation and violation of the Consumer Protection Act, and granting Hawley Troxell's motion dismissing all claims against it.

On September 7, 2011, this Court issued its opinion in *Taylor v. AIA Services Corp.* upholding the judgment that the stock redemption agreement was illegal and therefore void. In that case, Mr. Taylor argued that if the stock redemption agreement was illegal, it should still be enforced because he was fraudulently induced to enter into the agreement by the opinion letter. He also argued that the opinion letter included false assertions of fact. In rejecting those arguments, this Court in *Taylor v. AIA Services Corp.* stated as follows:

> Third, Reed Taylor argues that even if the Stock Redemption Agreement is illegal, it should be enforced because he was fraudulently induced to enter into the agreement by an opinion letter (the Opinion Letter), which offered the opinion that the Stock Redemption Agreement was legal. The Opinion Letter was written by a law firm, acting as general counsel for AIA Services in connection with the agreement, and was addressed to Reed Taylor. Reed Taylor argues that the district court erred in: (1) refusing to enforce the Stock Redemption Agreement based upon fraud; (2) finding that the Opinion Letter did not provide factual representations or mixed representations of fact and opinion; and (3) making these decisions on fraud without ever permitting Reed Taylor to depose or conduct discovery with the attorneys who rendered the opinions and factual representations to him. *Reed Taylor makes no argument and provides no explanation on these claims; he merely states that the district court made these errors. Furthermore, Reed Taylor cites nothing in the record except for the district court's Opinion and Order granting partial summary judgment and its Opinion and Order on the motion for reconsideration.*

*Taylor v. AIA Servs. Corp.*, 151 Idaho at 566, 261 P.3d at 843 (emphasis added).

After quoting the district court's conclusion that the opinion letter was not a statement of fact, but merely a statement of opinion that cannot form the basis of a fraud claim, we held:

> We affirm the district court in dismissing Reed Taylor's fraud argument. On appeal, *Reed Taylor merely states the general proposition that an opinion can form the basis for fraud when there is intent to mislead, but he does not actually argue that anyone intended to mislead him in this case and points to nothing in the record suggesting that anyone had such intent.* As to Reed Taylor's claim that the district court erred in finding an absence of fraud without giving him the opportunity to depose or conduct discovery with the lawyers who authored the Opinion Letter, Reed Taylor again makes no argument in this section of his brief concerning this issue.

*Id.* (emphasis added).

Based upon our opinion in *Taylor v. AIA Services Corp.*, on December 15, 2011, Mr. Riley moved for a partial summary judgment dismissing the claims against him for fraud and constructive fraud. The motion was briefed by Mr. Riley and Mr. Taylor, and it was argued on

5

January 30, 2012. Based upon the briefing and oral argument, the district court entered a decision holding that the fraud and constructive fraud claims were barred by res judicata because Messrs. Riley and Turnbow were in privity with AIA Services, based upon the fact that they issued the opinion letter in the course of representing the corporation and, alternatively, that the fraud and constructive fraud claims were barred by the doctrine of collateral estoppel. On April 30, 2012, the court entered an order dismissing the fraud and constructive fraud claims.

Mr. Riley again moved for summary judgment on several grounds, including that the claim for malpractice was barred by res judicata based upon the judgment entered in *Taylor v. Babbitt*. The district court denied the motion, and Mr. Riley sought a permissive appeal to this Court on that issue, which this Court granted. On appeal, this Court held that Mr. Taylor's malpractice claim against Mr. Riley was barred by the doctrine of res judicata. *Taylor v. Riley*, 157 Idaho 323, 335, 336 P.3d 256, 268 (2014) (*Taylor v. Riley I*).

On remand, the district court entered judgments on July 8, 2015, dismissing with prejudice all claims against Hawley Troxell and all claims against Mr. Riley. The court also awarded Mr. Riley and Hawley Troxell court costs and attorney fees. Mr. Taylor and Sharon Cummings, the personal representative of Mr. Turnbow's estate, reached an agreement to settle the claims against the estate, and on September 18, 2015, the court entered a judgment dismissing all claims against the estate.

On October 23, 2015, Mr. Taylor filed a motion asking the district court to reconsider various orders and decisions it had entered during the litigation and the judgments entered in favor of Riley and Hawley Troxell. Mr. Taylor filed a notice of appeal on October 29, 2015, and on January 5, 2016, the court entered an order denying his motion for reconsideration.

## II.

### Did the District Court Err in Dismissing Mr. Taylor's Claim for Negligent Misrepresentation?

As the first claim for relief in his complaint, Mr. Taylor alleged that Mr. Riley was liable for alleged false representations made in the opinion letter based upon the tort of negligent misrepresentation. Mr. Riley moved for summary judgment dismissing that claim, which the district court granted based upon this Court's opinions in *Duffin v. Idaho Crop Improvement Ass'n*, 126 Idaho 1002, 895 P.2d 1195 (1995), and *Mannos v. Moss*, 143 Idaho 927, 155 P.3d

6

1166 (2007). In *Duffin*, we held that, "except in the narrow confines of a professional relationship involving an accountant, the tort of negligent misrepresentation is not recognized in Idaho." 126 Idaho at 1010, 895 P.2d at 1203. In *Mannos*, we reaffirmed that holding. 143 Idaho at 935, 155 P.3d at 1174. On appeal, Mr. Taylor asks us to expand the tort of negligent misrepresentation to include attorneys. We need not address the arguments he makes in asking us to do so, because any claim for negligent misrepresentation would be barred by res judicata, based upon our opinion in *Taylor v. Riley I*. In that appeal, we held that Mr. Taylor's claim, which he alleged in his complaint as being for "professional negligence, malpractice, negligence and/or negligent issuance of an opinion letter" was barred by the doctrine of res judicata. 157 Idaho at 335, 336 P.3d at 268. A claim for negligent misrepresentation based upon the content of the opinion letter is the same cause of action under a different theory, and so it too would be barred by the doctrine of res judicata. Therefore, we will not address this issue.

## III.

### Did the District Court Err in Dismissing Mr. Taylor's Claim for Malpractice?

As the second claim for relief in his complaint, Mr. Taylor alleged that Mr. Riley committed malpractice in drafting and issuing the opinion letter. Mr. Taylor contends on appeal that the district court erred in holding that his malpractice claim was barred by the doctrine of res judicata.

Mr. Riley moved for summary judgment seeking dismissal of the malpractice claim on the ground that it was barred by the doctrine of res judicata based upon the judgment in *Taylor v. Babbitt*, and the district court denied that motion. This Court granted Mr. Riley's request for a permissive appeal to decide that issue. On appeal, we held that Mr. Taylor's malpractice claim against Mr. Riley was barred by res judicata, and we remanded the case to the district court. *Taylor v. Riley I*, 157 Idaho at 335, 340, 336 P.3d at 268, 273. Based upon the doctrine of "law of the case," the district court did not err in holding that Mr. Taylor's malpractice claim was barred by res judicata.

> The doctrine of "law of the case" is well established in Idaho and provides that "upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal . . . ."

7

*Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000). Therefore, we will not revisit our prior holding that Mr. Taylor's malpractice claim is barred by res judicata.

## IV.

## Did the District Court Err in Dismissing Mr. Taylor's Claims for Breach of Fiduciary Duties?

As the fourth claim for relief in his complaint, Mr. Taylor alleged that Mr. Riley's actions in representing AIA Services in *Taylor v. AIA Services Corp.* violated fiduciary duties owed to Mr. Taylor, including the duty of loyalty. In *Taylor v. Riley I*, we held that an attorney could voluntarily assume a duty to a nonclient and that the statement in the opinion letter stating that Mr. Taylor could rely upon it created a duty of care to Mr. Taylor with respect to the issuance of the opinion letter. 157 Idaho at 339, 336 P.3d at 272. Mr. Taylor contends that Mr. Riley's representation of AIA Services in connection with the stock redemption agreement and in drafting the opinion letter created a fiduciary duty owing to Mr. Taylor and that Mr. Riley breached that duty when he "asserted arguments contrary to the Opinion Letter and engaged in representation adverse to the Opinion Letter and the legal representation provided for the redemption agreement and related agreements." Because Mr. Riley became a partner in Hawley Troxell on March 1, 1999, Mr. Taylor alleges that Hawley Troxell is also liable for the alleged breach of fiduciary duties.

The material allegations in Mr. Taylor's complaint are as follows:

> 55.     Defendants Riley, Turnbow and Eberle Berlin owed Reed Taylor fiduciary duties as the majority shareholder of AIA Services, the Chairman of the Board of AIA Services, the Chief Executive Officer of AIA Services, and the direct intended third-party beneficiary of the legal representation pertaining to the redemption of his shares and the recipient of the Opinion Letter expressly drafted for his reliance. They also owed additional fiduciary duties by the fact that Defendants Eberle Berlin, Turnbow and Riley provided the Opinion Letter at the request of AIA Services.
>
> 56.     . . . . Defendant Riley, and, consequently, Defendant Hawley Troxell owed Reed Taylor fiduciaries duties (including, without limitation, the duty of loyalty) to not make arguments which are contrary to the Opinion Letter and to not undertake any representations which were adverse to the Opinion Letter or Reed Taylor, which pertain in any way to the redemption of his shares or the redemption agreement and related agreements. Defendants have engaged in a course of self-dealing, deception and/or misrepresentations which go beyond the mere allegations of negligence.

8

. . . .

59. Defendant Riley, and, consequently, Defendant Hawley Troxell, breached their fiduciary duties and duties of good faith and fair dealing owed to Reed Taylor when they asserted arguments contrary to the Opinion Letter and engaged in representation adverse to the Opinion Letter and the legal representation provided for the redemption agreement and related agreements, which such arguments and adverse representations are a direct violation of fiduciary duties owed to Reed Taylor, including the duty of loyalty.

Mr. Riley and Hawley Troxell filed a motion for summary judgment seeking dismissal of Mr. Taylor's complaint on the ground that it was barred by the doctrine of res judicata. Mr. Turnbow and Eberle Berlin moved for summary judgment and argued with respect to this claim that there was no attorney-client relationship between Mr. Turnbow and Mr. Taylor. In response to Mr. Taylor's motion for a partial summary judgment, Mr. Riley and Hawley Troxell also argued that Mr. Riley did not have a fiduciary or attorney-client relationship with Mr. Taylor. The district court granted summary judgment on this claim on the ground the acts of Messrs. Turnbow and Riley in issuing the opinion letter did not create a fiduciary or attorney-client relationship with Mr. Taylor.

On appeal, Mr. Riley and Hawley Troxell argue that the claim for breach of fiduciary duty was barred by res judicata. We affirm the dismissal of this claim on that ground, but our doing so should not be taken as an indication that we believe that the opinion letter created an attorney-client or fiduciary relationship with Mr. Taylor.

On August 18, 2008, Mr. Taylor filed *Taylor v. Babbitt* against Mr. Riley, Hawley Troxell, and others. In that lawsuit, Mr. Taylor alleged various claims against Mr. Riley and Hawley Troxell based upon their conduct in representing AIA Services in the *Taylor v. AIA Services Corp.* lawsuit, including that they breached fiduciary duties and the duty of loyalty allegedly owing to Mr. Taylor. Mr. Taylor's complaint in *Taylor v. Babbitt* alleged:

62. The Defendants owed AIA Services Corporation, AIA Insurance, Inc. and/or Reed J. Taylor a duty of care to provide, including, but not limited to, reasonable, prudent, ethical, unconflicted, loyal and professional legal advice and legal representation in keeping with the standard of care in the legal profession and as owed to the corporations (referred to herein and above as "duty of care"). The Defendants breached their duty of care as a result of their acts and/or omissions thereby damaging the corporations and Reed J. Taylor, to the detriment of Reed J. Taylor.

9

63.    The Defendants breached their fiduciary duties owed to AIA Services Corporation, AIA Insurance, Inc., and/or Plaintiff Reed J. Taylor, including, without limitation, the duties of care and loyalty.

64.    The Defendants' acts constitute professional negligence and/or breach of the Defendants' fiduciary duties, and such conduct has damaged the corporations and Reed J. Taylor, in an amount to be proven at trial or on summary judgment.

Mr. Taylor's complaint in *Taylor v. Babbitt* also alleged that Mr. Riley's conduct, for which Hawley Troxell was also liable, included asserting arguments in *Taylor v. AIA Services Corp*. that were counter to representations made in the opinion letter. He alleged:

53.    The Defendants were fully aware of Reed J. Taylor's rights to property in which he held a security interest and was pledged to him as collateral. In fact, Defendant Richard A. Riley represented AIA Services Corporation in the redemption of Reed J. Taylor's shares and the drafting of the Amended and Restated Stock Pledge Agreement and other applicable agreements. Defendants were responsible for issuing opinion letters relating to the transaction, which include various applicable representations and warranties. *Defendants are now asserting arguments counter to the representations made in the opinion letter drafted by Defendants by and through Defendant Richard A. Rile*y. . . .

. . . .

56.    The Defendants' conduct constitutes the willful interference with property and money belonging to AIA Services Corporation, AIA Insurance, Inc. and/or Reed J. Taylor and/or which such property and money should be under the possession and/or control of Reed J. Taylor, as the person entitled to such money and property as a creditor and pledgee. The Defendants deprived Reed J. Taylor possession of such property and money. Despite Reed J. Taylor's demands, the Defendants have refused to return such property and money.

(Emphasis added.)

"Mr. Taylor's cause of action against Mr. Riley based upon the issuance of the opinion letter accrued in April 2008 when he was required to incur attorney fees to counter the claim that the stock redemption agreement was an illegal contract." *Taylor v. Riley I*, 157 Idaho at 333, 336 P.3d at 266. By August 18, 2008, Mr. Riley and Hawley Troxell had asserted arguments counter to the representations made in the opinion letter, because Mr. Taylor so alleged in the complaint he filed in *Taylor v. Babbitt*, and he also alleged that he had been damaged by such breach of fiduciary duties. A plaintiff who files a lawsuit alleging that he had been damaged by the defendant's conduct cannot later claim that he had not suffered any damage when the judgment in that lawsuit is subsequently asserted as the basis for a defense of res judicata in another

10

lawsuit. Any cause of action he had with respect to the alleged breach of fiduciary duties had arisen by that time.

On appeal in *Taylor v. Babbitt*, we upheld the dismissal of Mr. Taylor's claims against Hawley Troxell and the attorneys in that firm, including Mr. Riley, for malpractice and breach of fiduciary duties in their representation of AIA Services in the *Taylor v. AIA Services Corp.* lawsuit. With respect to the claim for legal malpractice, we stated, "It is clear that Reed [Taylor], in his complaints, has failed to allege that he is in an attorney-client relationship with Respondents, and therefore lacks the privity necessary to sue Respondents for legal malpractice." 149 Idaho at 845, 243 P.3d at 661. With respect to the claim for breach of fiduciary duties, we held, "Reed [Taylor] has failed to allege facts which can support a finding that Respondents owed any fiduciary duty to Reed personally." *Id*. Thus, Mr. Taylor's claim of breach of fiduciary duties alleged in this lawsuit is the same claim that he alleged in *Taylor v. Babbitt*, and the claim here is barred under the doctrine of res judicata by the judgment entered in that case.

"In *Taylor v. Babbitt*, the district court had jurisdiction over the parties and the subject of the litigation, and it entered a final judgment dismissing Mr. Taylor's complaint with prejudice." *Taylor v. Riley*, 157 Idaho at 334, 336 P.3d at 267. "[T]he former adjudication concludes parties and privies not only as to every matter offered and received to sustain or defeat the claim, but also as to every matter which might and should have been litigated in the first suit." *Joyce v. Murphy Land & Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242–43 (1922). Therefore, any cause of action that Mr. Taylor allegedly had for breach of fiduciary duties is barred by the doctrine of res judicata.

## V.

### Did the District Court Err in Dismissing Mr. Taylor's Claim for Fraud or Constructive Fraud?

As the fifth claim for relief in his complaint, Mr. Taylor alleged that Mr. Riley committed fraud and constructive fraud and that Hawley Troxell was liable for his actions. In support of those claims, Mr. Taylor alleged, at least in part, that the statements in the opinion letter constituted fraud or constructive fraud. In *Taylor v. AIA Services, Corp.*, the district court held that the opinion letter "is, simply, an opinion based on one's interpretation of law and cannot form the basis for a fraud claim," and we affirmed the district court's rejection of Mr. Taylor's

fraud argument based upon the opinion letter. 151 Idaho at 566, 261 P.3d at 843. Based upon that opinion, Mr. Riley moved on December 15, 2011, for a partial summary judgment dismissing the claims for fraud and constructive fraud. After the motion was briefed, it was argued on January 30, 2012. The district court later granted Mr. Riley's motion, holding that the claims of fraud and constructive fraud were barred by res judicata and, in the alternative, collateral estoppel. In *Taylor v. Babbitt*, Mr. Taylor alleged a claim against Mr. Riley and Hawley Troxell for fraud and constructive fraud. We upheld the dismissal of those claims, stating as follows:

> Reed [Taylor], also claims that his complaints and amended complaints pled causes of action for fraud and constructive fraud. Pursuant to Idaho Rule of Civil Procedure 9(b), fraud must be pled with particularity. As this Court wrote in *Glaze v. Deffenbaugh*:
>
>> A party must establish nine elements to prove fraud: "1) a statement or a representation of fact; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity; 5) the speaker's intent that there be reliance; 6) the hearer's ignorance of the falsity of the statement; 7) reliance by the hearer; 8) justifiable reliance; and 9) resultant injury."
>
> Reed fails to plead these elements in a general sense, let alone with particularity and, as such, has failed to state a claim upon which relief may be granted as to fraud.
>
> "An action in constructive fraud exists when there has been a breach of a duty arising from a relationship of trust and confidence, as in a fiduciary duty." "Examples of relationships from which the law will impose fiduciary obligations on the parties include when the parties are: members of the same family, partners, attorney and client, executor and beneficiary of an estate, principal and agent, insurer and insured, or close friends." It is clear that Reed has not alleged facts sufficient to support an inference that he is in an analogous relationship with Respondents, and has therefore not pled a claim upon which relief may be granted as to constructive fraud.

*Taylor v. McNichols*, 149 Idaho at 845–46, 243 P.3d at 661–62 (citations omitted).

On appeal, Mr. Taylor argues that "[t]he district court erred in holding that collateral estoppel barred Taylor's fraud claims because Riley did not establish all of the requisite elements of collateral estoppel." He asserts that there are two reasons why collateral estoppel does not apply—"Taylor's fraud and constructive fraud claims are not barred by collateral estoppel because the current fraud claims are different than those litigated in *AIA*, and because Taylor did not have an opportunity to fully and fairly litigate the current fraud claims *AIA*."

12

Mr. Taylor contends that his current fraud claims are different from those he asserted in *Taylor v. AIA Services Corp.* because "Taylor's current fraud claims against Riley are not based upon the opinions set forth in the Opinion Letter, but rather on the material facts that Riley intentionally omitted from the Opinion Letter." He asserts, "If these facts had been made known to Taylor before the Opinion Letter was delivered, then the Opinion letter would not have been intentionally misleading" and "Reed Taylor or any other reasonable opinion recipient would have elected to not sell his shares." In essence, he is contending that he was fraudulently induced to enter into the stock redemption agreement not based upon what was stated in the opinion letter, but what was not stated in the opinion letter. In both instances, his claim is that he was deceived by the contents of the opinion letter.

Mr. Taylor contends that he did not have a full and fair opportunity to litigate the issue of fraud in *Taylor v. AIA Services Corp.* He argues that "[t]he *AIA* district court stayed general discovery and prohibited Taylor from deposing Riley," that the district court in this case stayed discovery until after this Court's decision in *Taylor v. AIA Services Corp.*, and that he "did not have a full and fair opportunity to litigate his current claims in *AIA* because it was not until February/March of 2012 that Taylor learned that Riley had been concealing these material facts." In *Taylor v. AIA Services Corp.*, Mr. Taylor raised the issue that the district court in that case erred in "making these decisions on fraud without ever permitting Reed Taylor to depose or conduct discovery with the attorneys who rendered the opinions and factual representations to him." *Taylor v. AIA Services, Corp.*, 151 Idaho at 566, 261 P.3d at 843. However, he was deemed to have waived that issue on appeal because he did not present any argument in support of it. "As to Reed Taylor's claim that the district court erred in finding an absence of fraud without giving him the opportunity to depose or conduct discovery with the lawyers who authored the Opinion Letter, Reed Taylor again makes no argument in this section of his brief concerning this issue." *Id.* We have long held, "Where a party raises an issue on appeal but fails to support the alleged error with argument and authority, the party is deemed to have waived the issue." *U.S. Bank Nat. Ass'n v. Kuenzli*, 134 Idaho 222, 226, 999 P.2d 877, 881 (2000); *accord Harp v. Stonebraker*, 57 Idaho 434, 65 P.2d 766, 767 (1937). Thus, in *Taylor v. AIA Services Corp.*, Mr. Taylor failed to properly raise on appeal the assertion that he should have been able to conduct discovery from Mr. Riley regarding the opinion letter before his fraud claims were decided.

13

In *Taylor v. AIA Services Corp.*, Mr. Taylor alleged that "he was fraudulently induced to enter into the agreement by [the] opinion letter." 151 Idaho at 566, 261 P.3d 843. We upheld the rejection of Mr. Taylor's claims of fraud because he "merely states the general proposition that an opinion can form the basis for fraud when there is intent to mislead, but he does not actually argue that anyone intended to mislead him in this case and points to nothing in the record suggesting that anyone had such intent." *Id.* In *Taylor v. Babbitt*, Mr. Taylor alleged that Mr. Riley and others committed fraud and constructive fraud, but he failed "to plead [the] elements in a general sense, let alone with particularity and, as such, has failed to state a claim upon which relief may be granted as to fraud. *Taylor v. McNichols*, 149 Idaho at 846, 243 P.3d at 662. Res judicata applies even if the prior lawsuit failed to state a claim, 47 Am. Jur. 2d *Judgments* § 545 (2006), or was unsupported by evidence. *Id*. § 564.

In its decision entered on April 5, 2012, the district court in this case granted Mr. Riley's motion for partial summary judgment regarding the fraud claims on two independent grounds: "Because *Taylor v. AIA* services constituted a final judgment, *res judicata* is appropriate to bar Taylor's claim for fraud. Alternatively, collateral estoppel applies to Taylor's claim for fraud." With respect to his alleged fraud claims, Mr. Taylor only argues on appeal that the court erred in granting summary judgment based upon collateral estoppel. He does not present argument and authority in his opening brief that the court erred in granting summary judgment based upon res judicata. He only argued that it was error to dismiss his claims for professional malpractice, negligent misrepresentation, and breach of fiduciary duty based upon the doctrine of res judicata. "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *State v. Grazian,* 144 Idaho 510, 517–18, 164 P.3d 790, 797–98 (2007). Therefore, we will not address whether the district court erred in dismissing the fraud claims based upon collateral estoppel because Mr. Taylor has not argued on appeal that the district court erred in dismissing the fraud claims based upon res judicata.

Mr. Taylor contends that because he was prevented from taking Mr. Riley's deposition before the entry of judgment in *Taylor v. Babbitt*, he has new evidence that supports his claim of fraud. He argues:

> After the district court held that issue preclusion barred Taylor's fraud claims in this case, Riley supplemented written discovery answers and disclosed, for the first time, the reasoning, explanation, and rationale that supported the

opinions contained in the Opinion Letter. Thereafter, on March 29-30, 2012, Taylor finally had the opportunity to depose Riley. At Riley's deposition, he testified to the reasons that he believed his Opinion Letter was correct. Riley also testified that he believed that Taylor did not engage in a preferential transaction.

Based on the substance of Riley's February 2012 disclosures and March 2012 deposition, Taylor finally had concrete information that the Opinion Letter improperly omitted material facts, thereby establishing facts needed to support causes of action against Riley for fraud and constructive fraud, as well as reviving claims for professional malpractice and breach of fiduciary duty, to the extent such claims were related to these material omissions.

(Citations to record omitted.)

*Res judicata* precludes the relitigation of the same claim even if there is new evidence to support it. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 403, 913 P.2d 1168, 1173 (1996). However, with respect to a fraud claim, res judicata would not bar the claim if Mr. Taylor could not have discovered the fraud by the exercise of due diligence. *Kawai Farms, Inc. v. Longstreet*, 121 Idaho 610, 614–15, 826 P.2d 1322, 1326–27 (1992). As stated above, Mr. Taylor failed to properly appeal his assertion that the district court in *Taylor v. AIA Services Corp.* erred in granting summary on his fraud claim without permitting him to depose Mr. Riley. We need not decide whether this failure constitutes a lack of due diligence or whether the alleged new evidence supports a claim for fraud because Mr. Taylor did not timely present the alleged new evidence to the district court.

Mr. Riley supported his motion for reconsideration by filing on October 23, 2015, his declaration, the declarations of his counsel, and the declaration of his expert, who opined that Mr. Riley had "intentionally prepared and delivered the misleading Opinion Letter to Reed Taylor" and that it was impossible "to ascertain that the Opinion Letter was intentionally misleading when such disclosures and reasoning were omitted from the Opinion Letter until Mr. Riley first disclosed that information on February 22, 2012."

The partial judgments entered in this case became final judgments on September 18, 2015. On July 8, 2015, the district court entered an "Amended Judgment" stating that "[t]he Plaintiff's Complaint against Defendant Hawley Troxell Ennis & Hawley, LLP, is dismissed in its entirety with prejudice" and awarding Hawley Troxell court costs and attorney fees.[1] On the

---

[1] The judgment was titled "Amended Judgment" because on June 3, 2010, the district court had entered a document titled "Judgment" purporting to dismiss Mr. Taylor's claims against Hawley Troxell, but the document did not constitute a judgment because it did not comply with Idaho Rule of Civil Procedure 54(a) (2009). That rule stated

15

same date, the district court entered an "Amended Judgment" stating that "[t]he Plaintiff's Complaint against Defendant Richard A. Riley is dismissed in its entirety with prejudice" and awarding Mr. Riley court costs and attorney fees.[2] On September 18, 2015, the court entered a "Judgment" stating, "Judgment is entered as to all claims against Defendants Sharon Cummings, Personal Representative of the Estate of Robert M. Turnbow and Eberle, Berlin, Kading, Turnbow & McKlveen, Chartered, which are dismissed with prejudice." Upon the entry of this judgment on September 18, 2015, the claims against all defendants in the action had been dismissed with prejudice. "A judgment is final if . . . judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." I.R.C.P. 54(a) (2015). Upon the entry of the judgment on September 18, 2015, all of the three judgments became final judgments.

Rule 11(a)(2)(B) provides, "A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment." I.R.C.P. 11(a)(2)(B) (2015). The motion for reconsideration had to be filed by October 2, 2015, but it was not filed until October 23, 2015, which was twenty-one days too late. Although the district court considered the motion for reconsideration and denied it on January 5, 2016, it did not have jurisdiction to consider the motion because it was not timely filed. *See O'Neil v. Schuckardt*, 116 Idaho 507, 509–10, 777 P.2d 729, 731–32 (1989) (trial court was without jurisdiction to decide an untimely motion for a new trial); *Vulk v. Haley,* 112 Idaho 855, 860, 736 P.2d 1309, 1314 (1987) (trial court had no jurisdiction to amend judgment where there was no timely motion to alter or amend the judgment). Therefore, the denial of the motion for reconsideration is not an issue for

---

that "[a] judgment shall not contain . . . the record of prior proceedings," and the document included a record of prior proceedings.

[2] On February 20, 2015, the court had entered a document titled "Judgment" purporting to dismiss Mr. Taylor's claims against Mr. Riley, but the document did not constitute a judgment because it did not comply with Idaho Rule of Civil Procedure 54(a) (2014). That rule stated that "[a] judgment shall state the relief to which a party is entitled on one or more claims for relief in the action," and the document included a statement regarding the manner in which the court would later assess and order costs and attorney fees. That statement did not constitute the granting of relief to which any party was entitled on a claim for relief in the action. *See Spokane Structures, Inc. v. Equitable Inv., LLC*, 148 Idaho 616, 619, 226 P.3d 1263, 1266 (2010) ("The 'judgment sought' is not an order granting a motion for summary judgment. The judgment sought is a final determination of a claim or claims for relief in the lawsuit.").

consideration on appeal, nor can the documents submitted with that motion be considered on appeal.[3]

On October 9, 2015, the district court entered a "Final Amended Judgment" dismissing Mr. Taylor's claims against Mr. Riley and a "Final Amended Judgment" dismissing Mr. Taylor's claims against Hawley Troxell. Both of these judgments were identical to the respective prior amended judgments dismissing with prejudice the claims against those parties, except that each "Final Amended Judgment" included a Rule 54(b) certificate declaring the judgment to be final. That certificate was meaningless because the judgments were already final.

On March 3, 2016, the district court entered an order awarding Mr. Riley and Hawley Troxell each an additional $3,750.00 in attorney fees. Those fees were awarded for defending against Mr. Taylor's motion for reconsideration. On the same date the court entered a "Second Amended Judgment" with respect to Hawley Troxell increasing its award of court costs and attorney fees from $25,029.00 to $28,779.00 and a "Second Amended Judgment" with respect to Mr. Riley increasing his award of court costs and attorney fees from $239,265.25 to $243,015.25. Neither of these judgments amended the prior judgment with respect to the dismissal of Mr. Taylor's claims with prejudice. Therefore, those judgments did not alter the time for filing his motion for reconsideration as to the interlocutory decisions upon which the judgments were based.

We have held that an amended judgment that does not alter the material terms from which a party might have appealed does not enlarge the time for filing an appeal. *Vierstra v. Vierstra*, 153 Idaho 873, 880, 292 P.3d 264, 271 (2012). Similarly, the entry of the final amended judgments and second amended judgments in this case did not extend the time for filing a motion for reconsideration. The final amended judgments did not alter the material terms of the respective amended judgments, and the addition of the Rule 54(b) certificates in the final amended judgments were meaningless because the amended judgments were already final. The second amended judgments only increased the amounts of the costs and attorney fees awarded, they did not alter the prior judgments dismissing Mr. Taylor's claims. "An attorney fee award

---

[3] Mr. Taylor filed a notice of appeal on October 29, 2015, which was timely. Idaho Appellate Rule 13(b)(7) states that the district court has the power and authority during the pendency of an appeal to "[r]ule upon any motion for reconsideration filed pursuant to Rule 11(a)(2)(B), I.R.C.P." Mr. Riley's motion for reconsideration was not filed pursuant to that rule because it was untimely.

made subsequent to entry of judgment in a case does not affect the finality of the original judgment." *Tanner v. Cobb's Estate*, 101 Idaho 444, 446, 614 P.2d 984, 986 (1980).

The issue regarding the timeliness of the motion for reconsideration was raised by this Court during oral argument, and the parties submitted supplemental briefs on that issue. Mr. Taylor contends that the motion for reconsideration should be timely for various reasons. He asserts that absent a Rule 54(b)(1) certificate, Rule 54(a)(1) requires one judgment adjudicating all claims. That is not what the rule says. It states, "A judgment is final if either it is a partial judgment that has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." Upon the entry of the partial judgment dismissing all claims against the Turnbow estate and Eberle Berlin, "judgment ha[d] been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." I.R.C.P 54(a)(1). The rule does not state that the judgment is final when "one" judgment has been entered dismissing all claims.

Relying upon Rule 54(b)(1) of the Idaho Rules of Civil Procedure, Mr. Taylor contends that the partial judgment entered on September 18, 2015, dismissing all claims against the Turnbow estate and Eberle Berlin was not a final judgment because it did not adjudicate all claims in the lawsuit. He is correct that this partial judgment by itself did not adjudicate all claims in the lawsuit. However, as a result of the entry of this partial judgment and the two prior partial judgments, judgment was entered on all claims in the lawsuit and so all three of the partial judgments became final judgments.

Mr. Taylor also argues, "In addition, technically speaking, while the Estate of Turnbow was eventually substituted in as a defendant, there still is no judgment that specifically addresses the claims assert [sic] against Turnbow individually in the complaint." (Citation to record omitted.) Mr. Turnbow died and the personal representive of his estate was substituted in his place as a party to this lawsuit. Mr. Turnbow is no longer a party, and therefore a judgment could not address him individually. The claims against him were asserted against his estate, which settled those claims with Mr. Taylor.

Mr. Taylor next argues that the district court and the parties did not intend that the judgments be final once partial judgments were entered on all claims. Decades ago, this Court did consider intent in determining whether a document was a final judgment. *McPheters v. Cent. Mut. Ins. Co.*, 83 Idaho 472, 474, 365 P.2d 47, 48 (1961) ("Although in terms a final judgment,

18

the record shows that neither counsel for plaintiffs nor the district judge intended or regarded the minute entry of February 2, 1961, as a final judgment, but rather regarded it as an order for judgment. Thus, the minute entry was not a final judgment."); *Equal Water Rights Ass'n v. City of Coeur d'Alene*, 110 Idaho 247, 249, 715 P.2d 917, 919 (1985) (Appeal from document titled "Final Judgment" entered on December 7, 1982, was untimely because "we perceive that the judgment and order signed by the district court on June 17, 1982 was intended to be the final judgment and order in the case."). However, since then, Rule 54(a) has been amended to clearly define what constitutes a final judgment, and it does not depend upon the intent of the trial court or the parties. For example, in *Wickel v. Chamberlain*, 159 Idaho 532, 363 P.3d 854 (2015), the trial court granted Dr. Chamberlain's motion for summary judgment on the ground that Wickel had failed to show the applicable standard of health care, and it "entered a document styled as a 'Final Judgment' on July 30, 2013 (July 2013 Judgment), dismissing Wickel's complaint with prejudice." *Id.* at 534, 363 P.3d at 856. "Wickel timely appealed to this Court, and Dr. Chamberlain cross-appealed." *Id.* at 535, 363 P.3d at 857. Thus, the trial court obviously intended and the parties believed that the "Final Judgment" was a final, appealable judgment. "On October 28, 2013, this Court remanded the matter to the district court because the July 2013 Judgment was not a final judgment as defined by I.R.C.P. 54(a)." *Id.* While the case was on remand to the trial court, Wickel filed a motion for reconsideration and submitted an additional affidavit to establish the standard of care. *Id.* The trial court entered a judgment that complied with Rule 54(a) and later held a hearing on whether it had jurisdiction to hear the motion for reconsideration. *Id.* at 536, 363 P.3d at 856. The trial court held that it did not have jurisdiction to hear the motion for reconsideration because "'[t]he imperfections in the July 30, 2013 final judgment were not a result of actions of the parties . . . it would be unjust for this Court to allow the party to benefit from the error.'" *Id.* at 536, 363 P.3d at 858. We disagreed, holding that the motion for reconsideration filed while the case was on remand for the entry of a final judgment was timely, based upon the *plain language* of the applicable rule. We stated:

> The July 2013 Judgment contained procedural history and, thus, was not a final judgment. Based upon the plain language of the Idaho Rules of Civil Procedure, the July 2013 Judgment was an interlocutory order and subject to reconsideration. Wickel filed his Second Motion for Reconsideration prior to entry of a final judgment on October, 31, 2013. Because I.R.C.P. 11(a)(2)(B) allows motions to reconsider to be filed at any time before entry of a final judgment, and because

19

there was no final judgment at the time Wickel filed his Second Motion to Reconsider, the motion was timely.

*Id*. at 537, 363 P.3d at 859. Thus, the intent of the trial court and the belief of the parties as to whether the July 2013 Judgment was a final judgment did not make it a final judgment where it was not final under the Rules of Civil Procedure.

Likewise, in *Doe v. Doe*, 155 Idaho 660, 315 P.3d 848 (2013), the petitioner, the grandmother of a child born out of wedlock, had submitted a proposed judgment to the trial court and it had signed the purported judgment terminating the parental rights of the child's father and granting the grandmother's petition for adoption. *Id*. at 661, 315 P.3d at 849. When the father learned of the court proceedings, he filed a motion for relief from proposed judgment pursuant to Rule 60(b) of the Idaho Rules of Civil Procedure. *Id*. at 662, 315 P.3d at 850. Although the trial court and the petitioner intended that the purported judgment was a final judgment and the father believed it was a final judgment, it was not because it did not comply with Rule 54(a) of the Idaho Rules of Civil Procedure. *Id*. at 663, 315 P.3d at 851. Thus, we have rejected the contention that a judgment is or is not final if the trial court and/or parties intended it to be. The issue is not intent, but rather. whether it is final under Rule 54(a)(1) of the Idaho Rules of Civil Procedure. After Rule 54(a) was amended in 2010, whether a document constitutes a judgment and whether that judgment is final are based upon an objective standard, not on a subjective standard.

Finally, Mr. Taylor argues that any error in failing to make a timely motion for reconsideration either was harmless and should be disregarded pursuant to Rule 61 of the Idaho Rules of Civil Procedure or was waived by Riley and Hawley Troxell, because they did not object in the district court to its consideration of the motion for reconsideration. As stated above, the failure to make a timely motion for reconsideration was jurisdictional. The district court had no jurisdiction to address an untimely motion for reconsideration. Neither Rule 61 nor the failure to object can remedy the court's lack of jurisdiction.

Rule 11(a)(2)(B) provided, "A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but not later than fourteen (14) days after the entry of the final judgment." I.R.C.P. 11(a)(2)(B) (2015). The motion for reconsideration had to be filed by October 2, 2015, but it was not filed until October 23, 2015, which was twenty-one days too late. Although the district court considered the motion

for reconsideration and denied it on January 5, 2016, it did not have jurisdiction to consider the motion because it was not timely filed. Therefore, the denial of the motion is not an issue for consideration on appeal and the documents submitted with the motion cannot be considered on appeal.[4]

Because the motion for reconsideration filed on October 23, 2015, was untimely, the only issue regarding the dismissal of Mr. Taylor's claims for fraud and constructive fraud was whether the district court erred in granting Mr. Riley's motion for partial summary judgment in its decision and order entered on April 5, 2012. That motion was made on December 15, 2011; it was briefed by Mr. Riley and Mr. Taylor; and it was argued on January 30, 2012. Based upon the briefing, argument, and record at that time, the district court granted the motion. The district court obviously did not have for consideration the briefing, the expert's opinion, and the other documents that were filed thereafter. "We have long held that '[a]ppellate court review is limited to the evidence, theories and arguments that were presented below.'" *State v. Garcia-Rodriguez*, 162 Idaho 271, 396 P.3d 700, 704 (2017). On appeal, Mr. Taylor has not argued that the district court erred in granting Mr. Riley's motion for partial summary judgment on April 5, 2012, based upon the arguments and evidence presented to the court in connection with that motion. Instead, Mr. Riley argues that the dismissal of his claims for fraud and constructive fraud was in error based upon the documents he filed in support of his untimely motion for reconsideration. Because that motion was untimely, the supporting documents cannot be considered on appeal to show error. We therefore affirm the district court's dismissal of Mr. Taylor's claims for fraud and constructive fraud.

## VI.

### Did the District Court Abuse Its Discretion in Awarding Attorney Fees?

**A. Attorney fees awarded to Hawley Troxell.** Counsel for Hawley Troxell represented both Mr. Riley and Hawley Troxell from the commencement until dismissal of the claims against Hawley Troxell. The attorney fees charged by Hawley Troxell's counsel for that joint defense totaled $80,487.50. Hawley Troxell filed a memorandum of costs seeking an award of attorney

---

[4] Mr. Taylor filed a notice of appeal on October 29, 2015. Idaho Appellate Rule 13(b)(7) states that the district court has the power and authority during the pendency of an appeal to "[r]ule upon any motion for reconsideration filed pursuant to Rule 11(a)(2)(B), I.R.C.P." Mr. Riley's motion for reconsideration was not filed pursuant to that rule because it was untimely.

21

fees in the sum of $40,243.75. The district court determined that a reasonable attorney fee for that joint defense was $50,000, and it awarded Hawley Troxell $25,000 as one-half of that amount. The court awarded the fees under Idaho Code section 12-121 on the ground that the claims against Hawley Troxell were pursued unreasonably and without foundation and under Idaho Code section 12-120(3) on the ground that the claims were brought to recover in a commercial transaction.

Mr. Riley's counsel represented Hawley Troxell and Mr. Riley in defending against Mr. Taylor's motion for reconsideration that was filed on October 23, 2015. Mr. Riley's counsel charged $11,025 for that joint defense. The district court found that $7,500 was a reasonable attorney fee for that joint defense, and it awarded Hawley Troxell $3,750 as one-half of that amount.

Thus, Hawley Troxell was awarded a total of $28,750 in attorney fees for its defense in this lawsuit. Mr. Taylor contends that such award is unreasonable.

First, he contends that the district court erred in awarding Hawley Troxell one-half of the fees awarded for the joint defense without segregating the amount incurred for defending Mr. Riley and the amount incurred for defending Hawley Troxell. Mr. Taylor asserts that Hawley Troxell's "failure to segregate fees is particularly significant because only two of Taylor's six claims were even asserted against HTEH." That statement is incorrect. Hawley Troxell was named in three of the five titled causes of action in Mr. Taylor's complaint.

Mr. Taylor listed five titled "causes of action," with the first two being titled "Negligent Misrepresentations" and "Negligence/Malpractice." Hawley Troxell was not expressly named in those two, but it was expressly named in the other three. In his "Third Cause of Action—Consumer Protection Act Violations," Mr. Taylor alleged that "Defendant Riley and Hawley Troxell's acts constitute violations of the Idaho Consumer Protection Act (I.C. § 48-601, *et seq.*)." In his "Fourth Cause of Action—Breach of Fiduciary Duties," Mr. Taylor alleged that "[a]s a direct and/or proximate result of Defendants Eberle Berlin, Riley, Turnbow and Hawley Troxell's breached fiduciary duties, Reed Taylor has been damaged in an amount to be proven at the time of trial or on summary judgment." In his "Fifth Cause of Action—Fraud/Constructive Fraud," Mr. Taylor alleged a fraudulent scheme to deprive him of his majority interest in AIA Services by assisting the minority shareholders in drafting documents that have been held unenforceable by the court, and that the corporation "refused to give him his shares back,

22

including, without limitation, by and through the acts of Defendant Riley's firm, Defendant Hawley Troxell." Thus, Hawley Troxell was expressly alleged to have committed wrongful conduct in three of the five alleged causes of action.

The district court did not award attorney fees regarding the alleged violation of the Consumer Protection Act because Hawley Troxell did not identify in the twenty pages of single-spaced time entries the fees incurred in defending that claim. Therefore, Hawley Troxell was expressly alleged to have committed wrongful conduct in two of Mr. Taylor's four causes of action for which attorney fees were awarded. Mr. Taylor also asserted that Mr. Riley's conduct was imputed to Hawley Troxell. He alleged in his complaint: "The knowledge held and duties owed by Defendant Richard A. Riley as asserted throughout this Complaint are imputed upon Hawley Troxell and, consequently, Hawley Troxell owes the same duties. Hawley Troxell is vicariously liable for certain acts and/or omissions of Defendant Riley."

In support of this assertion that the attorney fees incurred in the joint defense of Mr. Riley and Hawley Troxell must be segregated, Mr. Taylor relies upon *Hackett v. Streeter*, 109 Idaho 261, 706 P.2d 1372 (Ct. App. 1985). The reasoning in *Hackett* is not applicable to the facts in this case. In *Hackett*, the plaintiffs sued a subdivision developer and a contractor for negligent construction of a subdivision water system, and the same attorney represented both defendants. *Id*. 262–63, 706 P.2d at 1373–74. The contractor was found liable for the negligent construction of the water system, *id*. at 263, 706 P.2d at 1374, and the developer was found not liable because he "did not have any actual authority or control over the installation and construction of the water system and did not purport to have such authority," *id*. at 264, 706 P.2d at 1375. The attorney sought to recover the entire amount of attorney fees incurred in the lawsuit on the ground that his prevailing and nonprevailing clients had agreed to be jointly and severally liable for his attorney fees and there was no way to separate his time and costs for each client. *Id*. The only information he provided in support of the requested award was his hourly rate and the total number of hours he expended in the case. *Id*. at 264, 706 P.2d at 1375. The trial court was faced with awarding fees to both the prevailing and nonprevailing defendants, or not awarding any fees, and it declined to award fees. *Id*. On appeal, the Court of Appeals affirmed stating, "We believe it is incumbent upon a party seeking attorney fees to present sufficient information for the court to consider factors as they specifically relate to the *prevailing* party or parties seeking fees." *Id*. The court held that the prevailing party's argument that he was entitled to an award of

the entire fees incurred because the parties had agreed to be jointly and severally liable for the total attorney fees and costs was simply "a 'boot strap' argument which, if followed, would permit a non-prevailing party to have all of its fees and costs paid by a prevailing party." *Id*. at 265, 706 P.2d at 1376.

In this case, we do not have a prevailing defendant and a nonprevailing defendant. Both Hawley Troxell and Mr. Riley were prevailing parties, and Hawley Troxell was alleged to be liable for the conduct of Mr. Riley. Each of them was entitled to conduct a defense with separate counsel, which would have increased the attorney fees incurred in defending against Mr. Taylor's claims. Their agreement to conduct a joint defense reduced the total amount of attorney fees incurred. Each of Mr. Taylor's four causes of action stated that he had been damaged in an amount to be proved at trial, with no assertion that the damages claimed against Hawley Troxell differed from the damages claimed against Mr. Riley. Mr. Taylor has failed to show that the district court abused its discretion in apportioning the attorney fees awarded for the joint defenses one-half to each party.

Mr. Taylor alleges that it was error to award any attorney fees for the Consumer Protection Act claim, but he has not shown that any fees were awarded for that claim. The court stated that it would not award fees for that claim, and there is no indication that it did. Mr. Taylor alleges that "Riley was the overwhelming target of Taylor's claims and discovery," but that assertion is meaningless where Mr. Taylor alleged that Hawley Troxell was liable for the conduct of Mr. Riley. We affirm the award of attorney fees to Hawley Troxell.

**B. Attorney fees awarded to Mr. Riley.** Mr. Riley requested an award of attorney fees totaling $302,328.75, which consisted of $40,243.75 as one-half of the attorney fees in the joint defense provided by Hawley Troxell and $262,085 for his defense after the district court ordered that the claim against Hawley Troxell be dismissed. The district court awarded Mr. Riley $25,000 as his share of the attorney fees incurred in the joint defense and $175,000 for the attorney fees thereafter incurred. The court also awarded him $3,750 for his share of the fees incurred in the joint defense of Mr. Taylor's motion for reconsideration filed on October 23, 2015. Thus, Mr. Riley requested an award of attorney fees totaling $307,841.25, and the trial court awarded him attorney fees totaling $203,750.

Mr. Taylor contends that the district court abused its discretion in awarding Mr. Riley attorney fees of $175,000 because "it included a substantial amount of fees that were not

24

'reasonably incurred' by Riley and because such fees were not reduced by the time Riley spent defending the Consumer Protection Act claim, for which he was not entitled to fees." Mr. Riley requested $262,085 in attorney fees; the court awarded $175,000; and it stated that it was not awarding any attorney fees for defending the claim based upon the Consumer Protection Act. There is no showing that it did so.

Mr. Taylor next asserts, "Most significant to the case at bar is that many of the costs and fees unreasonably incurred by Riley as he [sic] attempting to postpone certain actions in the present litigation until the appeal in [*Taylor v.*] *AIA* [*Services Corp.*] was final. Notably, Riley did not seek a permissive appeal after Judge Greenwood's May 10, 2010 decision, but instead waiting two years to address the same issues." Mr. Taylor argued below that the district court should reduce Mr. Riley's requested attorney fees by $230,000 because he failed to seek a permissive appeal of that decision. The court declined to do so stating, "Ongoing litigation would be constantly interrupted by requests for interlocutory appeal by parties fearful of forfeiting some later claim to attorney fees for having failed to seek interlocutory appeal." Mr. Taylor contends that such holding did not constitute the exercise of reason.

It was Mr. Taylor who chose to file *Taylor v. Babbitt*, which this Court upheld as being brought frivolously, unreasonably and without foundation, *Taylor v. McNichols*, 149 Idaho at 848, 243 P.3d at 664, and it was he who then filed this action seeking to pursue claims that were barred by res judicata based upon the judgment in *Taylor v. Babbitt*. It was Mr. Taylor who was responsible for the amount of attorney fees awarded by the district court to Mr. Riley, not Mr. Riley's alleged failure to pursue an interlocutory appeal earlier.[5] Mr. Taylor criticizes

---

[5] Although Mr. Taylor's argument that Mr. Riley should have sought a permissive appeal from the district court's decision of May 10, 2010, is without merit, the district court did not even rule on Mr. Riley's earlier motion to dismiss on the ground of res judicata. Mr. Riley and Hawley Troxell moved for summary judgment contending that all claims alleged against them were barred by the doctrine of res judicata based upon the judgment in *Taylor v. Babbitt*. In its decision entered on May 10, 2010, the district court held, "To the extent Plaintiff seeks to make a claim against Hawley Troxell for malpractice based on the allegations in the complaint, the same is barred by *res judicata*." It also held: "As to the remainder of the allegations [of breach of fiduciary duty] to the extent they apply to Hawley Troxell, they are barred by *res judicata*. They are barred for the same reasons set forth above regarding the malpractice." The court did not address the argument that any claims against Mr. Riley were barred by res judicata, although it did deny his argument that the claim of fraud was barred by the doctrine of collateral estoppel based upon the trial court's decision in *Taylor v. AIA Services Corp*. Mr. Riley was not a party to that litigation. The district court declined to dismiss the fraud claim on that ground because the ruling in that case was not directed to the claims made against Mr. Riley and the ruling was not a finding of specific fact. In its conclusion, the court did not mention Mr. Riley's assertion that the claims against him were barred by res judicata. The court stated:
     In conclusion:
     1) The Court grants summary judgment on Taylor's claims against Hawley Troxell;

certain actions taken by Mr. Riley in the litigation, contending that it was unreasonable to award attorney fees for those actions. Since the district court awarded Mr. Riley $87,085 less than he requested for attorney fees incurred in representing himself, there is no showing that the district court awarded attorney fees for the actions that Mr. Riley claims were unreasonable. In addition, the court awarded him attorney fees pursuant to Idaho Code section 12-120(3) upon the determination that he was the prevailing party in an action to recover in a commercial transaction. "Where one party has been determined to be the overall prevailing party in the litigation and by statute or contract the prevailing party is entitled to an award of attorney fees on all claims asserted in the litigation, the award of reasonable attorney fees is not required to be limited to the claims upon which the prevailing party prevailed." *Advanced Med. Diagnostics, LLC v. Imaging Ctr. of Idaho, LLC*, 154 Idaho 812, 815–16, 303 P.3d 171, 174–75 (2013). We affirm the award of attorney fees to Mr. Riley.

## VII.

### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties seek an award of attorney fees on appeal, and they agree that the prevailing party is entitled to attorney fees on appeal pursuant to Idaho Code section 12-120(3) on the ground that this is an action to recover in a commercial transaction. Because Mr. Taylor is not the prevailing party on appeal, he is not entitled to an award of attorney fees. *Cummings v. Stephens*, 157 Idaho 348, 336 P.3d 281, 300 (2014). Because Mr. Riley and Hawley Troxell are the prevailing parties, they are entitled to an award of attorney fees on appeal.

---

2) The Court will deny summary judgment, in part, on the claim for malpractice against Riley, Turnbow, and Eberle Berlin so far as the claims arise from the issuance of the opinion letter. The so-called derivative claims are dismissed;

3) The Court concludes that the Statute of Limitations on the malpractice cause of action began to run when Taylor incurred attorney fees to defend against allegation that the Stock Repurchase agreement was illegal;

4) The Court denies summary judgment on the claim of fraud against Riley, Turnbow, and Eberle Berlin, both on the merits and on the statute of limitations on the basis of factual disputes;

5) The Court grants summary judgment to all defendants as dismissing claims of breach of fiduciary duty.

Mr. Riley would not have been granted an interlocutory appeal from the district court's failure to address his argument that all claims against him were barred by the doctrine of res judicata.

26

## VIII.

## Conclusion.

We affirm the judgment of the district court, and we award the Respondents costs and attorney fees on appeal.

Chief Justice BURDICK, Justice BRODY, and Justices Pro Tem TROUT and KIDWELL **CONCUR.**